APPEAL,CLOSED,JURY,TYPE–L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:23–cv–01334–CRC</u>
### *Internal Use Only*

NEWMAN v. MOORE et al

Assigned to: Judge Christopher R. Cooper

Cause: 28:1331 Fed. Question

Date Filed: 05/10/2023

Date Terminated: 07/09/2024

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **PAULINE NEWMAN**<br>*HON.; Circuit Judge* | represented by | **Gregory Dolin**<br>NEW CIVIL LIBERTIES ALLIANCE<br>1225 19th Street NW<br>Suite 450<br>Washington, DC 20036<br>202–967–2502<br>Email: greg.dolin@NCLA.legal<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **John Julian Vecchione**<br>NEW CIVIL LIBERTIES ALLIANCE<br>1225 19th Street NW<br>Suite 450<br>Washington, DC 20036<br>202–918–6902<br>Email: john.vecchione@ncla.legal<br>*ATTORNEY TO BE NOTICED* |

V.

**<u>Defendant</u>**

| | | |
|---|---|---|
| **KIMBERLY A. MOORE**<br>*HON,; in her official capacities as Chief Judge of the United States Court of Appeals for the Federal Circuit, Chair of the Judicial Council of the Federal Circuit and Chair of the Special Committee of the Judicial Council of the Federal Circuit* | represented by | **Michael Andrew Zee**<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>(415) 436–6646<br>Fax: (415) 436–6632<br>Email: m.andrew.zee@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephen Ehrlich**<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch |

1

Peter W. Rodino, Jr. Federal Building
970 Broad Street
7th Floor
Newark, NJ 07102
202–305–9803
Email: Stephen.Ehrlich@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **SHARON PROST**<br>*HON.; in her official capacity as Member*<br>*of the Special Committee of the Judicial*<br>*Council of the Federal Circuit* | represented by | **Michael Andrew Zee**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephen Ehrlich**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **RICHARD G. TARANTO**<br>*HON.; in his official capacity as Member*<br>*of the Special Committee of the Judicial*<br>*Council of the Federal Circuit* | represented by | **Michael Andrew Zee**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephen Ehrlich**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **JUDICIAL COUNCIL OF THE**<br>**FEDERAL CIRCUIT AND ALL**<br>**MEMBERS THEREOF**<br>*in their official capacities* | represented by | **Michael Andrew Zee**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephen Ehrlich**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2023 | 1 | COMPLAINT against PAULINE NEWMAN with Jury Demand ( Filing fee $ 402 receipt number ADCDC–10061036) filed by PAULINE NEWMAN. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Summons Summons to the Hon. Kimberly A. Moore, # 3 Summons Summons to the Hon. Sharon Prost, # 4 Summons Summons to the Hon. Richard G. Taranto, # 5 Summons Summons to Judicial Council of the Federal Circuit)(Vecchione, John) (Entered: 05/10/2023) |

| 05/10/2023 | 2 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PAULINE NEWMAN (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Proposed Sealed Exhibit)(Vecchione, John) (Entered: 05/10/2023) |
| 05/11/2023 | | Case Assigned to Judge Christopher R. Cooper. (zrtw) (Entered: 05/11/2023) |
| 05/11/2023 | 3 | SUMMONS (4) Issued Electronically as to JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Attachments: # 1 Notice and Consent)(zrtw) (Entered: 05/11/2023) |
| 05/11/2023 | | NOTICE OF ERROR re 1 Complaint; emailed to john.vecchione@ncla.legal, cc'd 1 associated attorneys –– The PDF file you docketed contained errors: 1. Missing summonses–government. When naming a government agent or agency as a defendant, you must supply a summons for each defendant & two additional summonses for the U.S. Attorney & U.S. Attorney General. Please submit using the event Request for Summons to Issue. (zrtw, ) (Entered: 05/11/2023) |
| 05/11/2023 | 4 | REQUEST FOR SUMMONS TO ISSUE *to AG Merrick Garland* by PAULINE NEWMAN re 1 Complaint, filed by PAULINE NEWMAN. Related document: 1 Complaint, filed by PAULINE NEWMAN.(Vecchione, John) (Entered: 05/11/2023) |
| 05/11/2023 | 5 | REQUEST FOR SUMMONS TO ISSUE *U.S. Attorney for DC* by PAULINE NEWMAN re 1 Complaint, filed by PAULINE NEWMAN. Related document: 1 Complaint, filed by PAULINE NEWMAN.(Vecchione, John) (Entered: 05/11/2023) |
| 05/15/2023 | 6 | SUMMONS (2) Issued Electronically as to U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(zjm) (Entered: 05/15/2023) |
| 05/15/2023 | | MINUTE ORDER granting 2 Plaintiff's Sealed Motion for Leave to File Documents Under Seal. Signed by Judge Christopher R. Cooper on 05/15/2023. (lccrc3) (Entered: 05/15/2023) |
| 05/15/2023 | 7 | SEALED DOCUMENT filed by PAULINE NEWMAN. (This document is SEALED and only available to authorized persons.)(zjm) (Entered: 05/24/2023) |
| 05/31/2023 | 8 | NOTICE of Appearance by Stephen Ehrlich on behalf of All Defendants (Ehrlich, Stephen) (Entered: 05/31/2023) |
| 05/31/2023 | 9 | NOTICE of Appearance by Michael Andrew Zee on behalf of All Defendants (Zee, Michael) (Entered: 05/31/2023) |
| 06/27/2023 | 10 | AMENDED COMPLAINT against All Defendants with Jury Demand filed by PAULINE NEWMAN. (Attachments: # 1 Exhibit)(Vecchione, John) (Entered: 06/27/2023) |
| 06/27/2023 | 11 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PAULINE NEWMAN (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(Vecchione, John) (Entered: 06/27/2023) |
| 06/27/2023 | 12 | MOTION for Preliminary Injunction by PAULINE NEWMAN. (Vecchione, John) (Entered: 06/27/2023) |
| 06/27/2023 | 13 | MOTION for Leave to File Excess Pages *in Support of Motion for Preliminary Injunction* by PAULINE NEWMAN. (Attachments: # 1 Proposed Memorandum In Support of Motion for Preliminary Injunction)(Vecchione, John) (Entered: |

| | | |
|---|---|---|
| | | 06/27/2023) |
| 06/28/2023 | 14 | PROPOSED BRIEFING SCHEDULE *(Joint)* by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Attachments: # 1 Text of Proposed Order)(Ehrlich, Stephen) (Entered: 06/28/2023) |
| 06/29/2023 | 15 | Consent MOTION to Strike 10 Amended Complaint *(Exhibits ONLY)*, Consent MOTION for Leave to File *Corrected Exhibits* by PAULINE NEWMAN. (Attachments: # 1 Exhibit Replacement Exhibits to the First Amended Complaint)(Vecchione, John) (Entered: 06/29/2023) |
| 06/30/2023 | | MINUTE ORDER: Counsel shall appear for status and scheduling conference on July 6, 2023 at 2:00 PM by Zoom before Judge Christopher R. Cooper. Video connection information will be provided to the parties separately. Signed by Judge Christopher R. Cooper on 06/30/2023. (lccrc3) (Entered: 06/30/2023) |
| 07/05/2023 | 16 | NOTICE of Appearance by Gregory Dolin on behalf of PAULINE NEWMAN (Dolin, Gregory) (Entered: 07/05/2023) |
| 07/06/2023 | | Minute Entry for video Status Conference held before Judge Christopher R. Cooper on 7/6/2023. Forthcoming briefing Order. (Court Reporter: Jeff Hook) (lsj) (Entered: 07/06/2023) |
| 07/07/2023 | 17 | NOTICE *on Suggestion of Mediation* by PAULINE NEWMAN (Dolin, Gregory) (Entered: 07/07/2023) |
| 07/07/2023 | | MINUTE ORDER granting 15 Plaintiff's Consent Motion to Strike Amended Complaint Exhibits and Motion for Leave to File Corrected Exhibits. The Court directs the Clerk's Office to seal the exhibits attached to Plaintiff's 10 Amended Complaint. Signed by Judge Christopher R. Cooper on 07/07/2023. (lccrc3) (Entered: 07/07/2023) |
| 07/11/2023 | 18 | ORDER referring case to mediation. See full Order for details. Signed by Judge Christopher R. Cooper on 07/11/2023. (lccrc3) (Entered: 07/11/2023) |
| 07/17/2023 | 19 | NOTICE *of Continuation of Deadline to File Joint Status Report on Mediation* by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO (Zee, Michael) (Entered: 07/17/2023) |
| 07/25/2023 | 20 | TRANSCRIPT OF VIDEO STATUS CONFERENCE before Judge Christopher R. Cooper held on July 6, 2023. Page Numbers: 1 – 12. Date of Issuance: July 25, 2023. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which |

4

|  |  | includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/15/2023. Redacted Transcript Deadline set for 8/25/2023. Release of Transcript Restriction set for 10/23/2023.(Hook, Jeff) (Entered: 07/25/2023) |
|---|---|---|
| 08/18/2023 | 21 | Joint STATUS REPORT *and Request for Briefing Schedule* by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Attachments: # 1 Text of Proposed Order)(Ehrlich, Stephen) (Entered: 08/18/2023) |
| 08/18/2023 | 23 | MOTION for Briefing Schedule by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (See Docket Entry 21 to view document) (zjm) Modified on 8/21/2023 (zjm). (Entered: 08/21/2023) |
| 08/21/2023 | 22 | ORDER: In light of the 21 parties' Joint Status Report, the Court sets the following briefing schedule. See full order for details. Signed by Judge Christopher R. Cooper on 8/21/2023. (lccrc3) (Entered: 08/21/2023) |
| 09/01/2023 | 24 | MOTION to Dismiss by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1: Special Committee Report & Recommendation, # 3 Exhibit 2: JCUS Report, # 4 Exhibit 3: Sixth Circuit Judicial Council Order, # 5 Text of Proposed Order)(Ehrlich, Stephen) (Entered: 09/01/2023) |
| 09/01/2023 | 25 | Memorandum in opposition to re 12 Motion for Preliminary Injunction filed by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Attachments: # 1 Exhibit 1: Special Committee Report & Recommendation, # 2 Exhibit 2: JCUS Report, # 3 Exhibit 3: Sixth Circuit Judicial Council Order, # 4 Declaration of Jarrett B. Perlow, # 5 Text of Proposed Order)(Ehrlich, Stephen) (Entered: 09/01/2023) |
| 09/01/2023 | 26 | Consent MOTION for Leave to File Excess Pages *for Defendants' Reply Brief* by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Attachments: # 1 Text of Proposed Order)(Zee, Michael) (Entered: 09/01/2023) |
| 09/06/2023 | 27 | ORDER granting 26 Defendants' Motion for Leave to File Excess Pages for their reply brief. Signed by Judge Christopher R. Cooper on 9/6/2023. (lccrc3) (Entered: 09/06/2023) |
| 10/02/2023 | 28 | Joint MOTION for Amended Briefing Schedule by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Attachments: # 1 Text of Proposed Order)(Ehrlich, Stephen) Modified on 10/2/2023 to correct relief (zjm). (Entered: 10/02/2023) |
| 10/04/2023 |  | MINUTE ORDER granting the 28 parties' Joint Motion for Amended Briefing Schedule. Plaintiff's combined opposition to Defendants' motion to dismiss and reply in support of her motion for preliminary injunction shall be due by October 25, 2023. Defendants' reply in support of their motion to dismiss shall be due by November 17, |

| | | |
|---|---|---|
| | | 2023. Signed by Judge Christopher R. Cooper on 10/4/2023. (lccrc3) (Entered: 10/04/2023) |
| 10/16/2023 | 29 | MOTION for Dispute Resolution Process by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Attachments: # 1 Text of Proposed Order)(Ehrlich, Stephen) (Entered: 10/16/2023) |
| 10/17/2023 | | MINUTE ORDER granting 29 Defendants' Motion for Dispute Resolution Process. It is further ORDERED that the parties are directed to jointly contact Chief Circuit Mediator Robert Fisher at Robert_Fisher@cadc.uscourts.gov for further directions concerning the resolution of this dispute. Signed by Judge Christopher R. Cooper on 10/17/2023. (lccrc3) (Entered: 10/17/2023) |
| 10/25/2023 | 30 | REPLY to opposition to motion re 12 MOTION for Preliminary Injunction *Combined Response in Opposition to Motion to Dismiss and Reply in Support of Motion for Preliminary Injunction* filed by PAULINE NEWMAN. (Attachments: # 1 Declaration Declaration of Gregory Dolin with Supporting Exhibits)(Dolin, Gregory) Modified on 10/26/2023 to correct docket text/ link. (zjm). (Entered: 10/25/2023) |
| 10/25/2023 | 31 | RESPONSE re 24 MOTION to Dismiss filed by PAULINE NEWMAN. (See Docket Entry 30 to view document) (zjm) (Entered: 10/26/2023) |
| 10/26/2023 | | NOTICE OF ERROR re 30 Reply to opposition to Motion; emailed to greg.dolin@NCLA.legal, cc'd 14 associated attorneys –– The PDF file you docketed contained errors: 1. **Notice of Corrected Docket Entry:** Your entry has been modified as a courtesy. Please note the appropriate reminders for future filings; do not refile document, 2. **Please note the following for future filings; do not refile document**, 3. Counsel is reminded for two–part documents; second docket entry is required. (zjm, ) (Entered: 10/26/2023) |
| 11/17/2023 | 32 | REPLY to opposition to motion re 24 MOTION to Dismiss filed by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Attachments: # 1 Exhibit 4: November 9 Judicial Council Order)(Ehrlich, Stephen) (Entered: 11/17/2023) |
| 11/28/2023 | 33 | Consent MOTION for Leave to File *Sur–reply to ECF32* by PAULINE NEWMAN. (Attachments: # 1 Text of Proposed Order)(Dolin, Gregory) (Entered: 11/28/2023) |
| 11/29/2023 | 34 | ORDER granting 33 Plaintiff's Motion for Leave to File Sur–reply. See full Order for details. Signed by Judge Christopher R. Cooper on 11/29/2023. (lccrc3) (Entered: 11/29/2023) |
| 12/06/2023 | 35 | SURREPLY to re 24 MOTION to Dismiss , 33 Consent MOTION for Leave to File *Sur–reply to ECF32* filed by PAULINE NEWMAN. (Vecchione, John) (Entered: 12/06/2023) |
| 12/13/2023 | 36 | SUR–SURREPLY to re 24 MOTION to Dismiss *to Plaintiff's Surreply* filed by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Ehrlich, Stephen) Modified on 12/13/2023 to correct event (zjm). (Entered: 12/13/2023) |
| 12/19/2023 | | MINUTE ORDER: The parties are hereby directed to appear for a hearing on 12 Plaintiff's Motion for a Preliminary Injunction and 24 Defendants' Motion to Dismiss |

| | | |
|---|---|---|
| | | on January 25, 2024 at 10:00 AM in Courtroom 27A (In Person) before Judge Christopher R. Cooper. Signed by Judge Christopher R. Cooper on 12/19/2023. (lccrc3) (Entered: 12/19/2023) |
| 01/25/2024 | | Minute Entry for Motion Hearing held before Judge Christopher R. Cooper on 1/25/2024. Oral arguments submitted on Plaintiff's Motion 12 for Preliminary Injunction and Defendants' Motion 24 to Dismiss. Motions are taken under advisement; forthcoming Order. (Court Reporter: Tammi Sefranek) (lsj) (Entered: 01/25/2024) |
| 01/30/2024 | 37 | NOTICE by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO (Ehrlich, Stephen) (Entered: 01/30/2024) |
| 01/31/2024 | 38 | RESPONSE re 37 Notice (Other) *after oral argument* by PAULINE NEWMAN (Dolin, Gregory) Modified on 2/1/2024 to correct event (zjm). (Entered: 01/31/2024) |
| 02/02/2024 | 39 | TRANSCRIPT OF MOTION HEARING before Judge Christopher R. Cooper held on 1/25/24; Page Numbers: 1–81. Date of Issuance:2/2/24. Court Reporter/Transcriber Tamara Sefranek, Telephone number 202–354–3246, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/23/2024. Redacted Transcript Deadline set for 3/4/2024. Release of Transcript Restriction set for 5/2/2024.(Sefranek, Tamara) (Entered: 02/02/2024) |
| 02/07/2024 | 40 | NOTICE *of JC&D Committee Order* by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO (Attachments: # 1 Feb. 7 JC&D Order)(Ehrlich, Stephen) (Entered: 02/07/2024) |
| 02/08/2024 | 41 | RESPONSE re 40 Notice (Other) . by PAULINE NEWMAN (Attachments: # 1 Exhibit)(Dolin, Gregory) Modified on 2/9/2024 to correct event (zjm). (Entered: 02/08/2024) |
| 02/09/2024 | 42 | RESPONSE re 41 Notice (Other) filed by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Ehrlich, Stephen) (Entered: 02/09/2024) |
| 02/12/2024 | 43 | MEMORANDUM OPINION AND ORDER denying 12 Plaintiff's Motion for a Preliminary Injunction and granting in part and denying in part 24 Defendants' Motion to Dismiss. Defendants shall file an answer to the remaining counts in the Amended Complaint by March 13, 2024. See full Memorandum Opinion and Order for details. |

|  |  | Signed by Judge Christopher R. Cooper on 2/12/2024. (lccrc3) (Entered: 02/12/2024) |
|---|---|---|
| 02/12/2024 |  | MINUTE ORDER granting 11 Plaintiff's Sealed Motion for Leave to File Document Under Seal and 13 Plaintiff's Motion for Leave to File Excess Pages. Signed by Judge Christopher R. Cooper on 2/12/2024. (lccrc3) (Entered: 02/12/2024) |
| 03/08/2024 | 44 | ANSWER to 10 Amended Complaint by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO.(Ehrlich, Stephen) (Entered: 03/08/2024) |
| 03/08/2024 | 45 | MOTION for Judgment on the Pleadings by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Ehrlich, Stephen) (Entered: 03/08/2024) |
| 03/14/2024 | 46 | Joint MOTION for Briefing Schedule by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Attachments: # 1 Text of Proposed Order)(Ehrlich, Stephen) (Entered: 03/14/2024) |
| 03/18/2024 |  | MINUTE ORDER granting the 46 Joint Motion for Briefing Schedule. Plaintiff shall file her opposition to 45 Defendants' Motion for Judgment on the Pleadings by April 5, 2024. Defendants shall file their reply by April 19, 2024. Signed by Judge Christopher R. Cooper on 3/18/2024. (lccrc3) (Entered: 03/18/2024) |
| 04/05/2024 | 47 | Memorandum in opposition to re 45 MOTION for Judgment on the Pleadings filed by PAULINE NEWMAN. (Dolin, Gregory) Modified on 4/11/2024 to correct event (zjm). (Entered: 04/05/2024) |
| 04/18/2024 | 48 | REPLY to opposition to motion re 45 MOTION for Judgment on the Pleadings filed by JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, KIMBERLY A. MOORE, SHARON PROST, RICHARD G. TARANTO. (Zee, Michael) (Entered: 04/18/2024) |
| 07/09/2024 | 49 | ORDER granting 45 Defendants' Motion for Judgment on the Pleadings. See full Order and accompanying Memorandum Opinion for details. Signed by Judge Christopher R. Cooper on 7/9/2024. (lccrc3) (Entered: 07/09/2024) |
| 07/09/2024 | 50 | MEMORANDUM OPINION re 49 Order granting 45 Defendants' Motion for Judgment on the Pleadings. Signed by Judge Christopher R. Cooper on 7/9/2024. (lccrc3) (Entered: 07/09/2024) |
| 07/10/2024 | 51 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 49 Order on Motion for Judgment on the Pleadings by PAULINE NEWMAN. Filing fee $ 605, receipt number ADCDC–11017011. Fee Status: Fee Paid. Parties have been notified. (Dolin, Gregory) (Entered: 07/10/2024) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Hon. Pauline Newman
_____
                    Plaintiff

                    vs.                    Civil Action No. 23-cv-01334 (CRC)
                                                            _____

Hon. Kimberly Moore, et al.
_____
                    Defendant

# NOTICE OF APPEAL

Notice is hereby given this   9th   day of   July   , 20 24   , that

the Hon. Pauline Newman, Plaintiff

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the   9th   day of   July   , 20 24

in favor of   the Hon. Kimberly Moore, et al., Defendants

against said   Hon. Pauline Newman, Plaintiff

                                        Gregory Dolin
                                _____
                                    Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil
action must be filed within 30 days after the date of entry of judgment or 60 days if the United
States or officer or agency is a party)

**CLERK**        Please mail copies of the above Notice of Appeal to the following at the addresses
                 indicated:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**HON. PAULINE NEWMAN**,

Plaintiff,

v.

**HON. KIMBERLY A. MOORE**, *et al.*,

Defendants.

---

Case No. 23-cv-01334 (CRC)

## <u>ORDER</u>

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that [ECF No. 45] Defendants' Motion for Judgment on the Pleadings is

GRANTED.  It is further

**ORDERED** that this case is dismissed.

This is a final appealable Order.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: <u>July 9, 2024</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**HON. PAULINE NEWMAN**,

　　　　Plaintiff,

　　v.

**HON. KIMBERLY A. MOORE**, *et al.*,

　　　　Defendants.

Case No. 23-cv-01334 (CRC)

---

**MEMORANDUM OPINION**

In 2021, the Chief Judge of the U.S. Court of Appeals for the Federal Circuit, Kimberly

A. Moore, received reports from court staff that raised concerns about whether veteran Federal

Circuit Judge Pauline Newman remained fit to carry out her judicial duties.  The reports

prompted Chief Judge Moore to exercise her authority under the Judicial Conduct & Disability

("JC&D") Act to convene a special committee of the court's judges to conduct an investigation.

See 28 U.S.C. §§ 353(a), (c).  Judge Newman declined to cooperate with the investigation,

however, objecting especially to the committee's requests that she undergo independent

neurological testing and provide it relevant medical records.  In the face of Judge Newman's

recalcitrance, the Federal Circuit Judicial Council, on the recommendation of the special

committee, suspended her from receiving new case assignments until she acquiesced to the

special committee's demands.

Fighting fire with fire, Judge Newman brought this lawsuit against Chief Judge Moore,

the two other members of the special committee, and the Federal Circuit Judicial Council, which

is comprised of every member of the court (collectively, "Defendants").  Her eleven-count

complaint raised both facial and as-applied challenges to provisions of the JC&D Act, as well as

to 28 U.S.C. § 332, which governs the authority of circuit judicial councils.  Following an unsuccessful Court-ordered mediation, the Court denied Judge Newman's request for a preliminary injunction and granted Defendants' motion to dismiss most counts of the complaint. The Court determined that it lacked jurisdiction over Judge Newman's as-applied claims and that two of her facial challenges failed to state a claim.  Defendants now move for judgment on the pleadings as to the remaining facial challenges, which allege that certain provisions of the JC&D Act violate the Fourth Amendment and are unconstitutionally vague.  Because Judge Newman cannot prevail on these counts either, the Court will grant judgment for Defendants and dismiss the case.

## I.  Background

The Court has already detailed the background of this case, including the relevant statutory frameworks.  See Newman v. Moore, No. 23-cv-01334 (CRC), 2024 WL 551836, at *2–5 (D.D.C. Feb. 12, 2024).  It need not replow the same ground here.  After dismissing most of the counts in Judge Newman's complaint, the Court directed Defendants to answer the remaining counts: Counts Eight and Nine, which present facial challenges to the JC&D Act under the Fourth Amendment, and Counts Five and Seven, which allege that provisions of the Act are unconstitutionally vague.  Defendants did so and simultaneously moved under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings.  Judge Newman opposed, and the motion is fully briefed and ripe for review.

## II.  Legal Standards

### A.  Motion for Judgment on the Pleadings

Parties may move for judgment on the pleadings after the pleadings are closed but early enough so as not to delay trial.  Fed. R. Civ. P. 12(c).  Movants are entitled to judgment on the

pleadings under Rule 12(c) if they "demonstrate[] that no material fact is in dispute and that [they are] entitled to judgment as a matter of law." Schuler v. PricewaterhouseCoopers, LLP, 514 F.3d 1365, 1370 (D.C. Cir. 2008) (quoting Peters v. Nat'l R.R. Passenger Corp., 966 F.2d 1483, 1485 (D.C. Cir. 1992)). Though there are some differences between a Rule 12(b) and Rule 12(c) motion, "[t]he appropriate standard for reviewing a motion for judgment on the pleadings is virtually identical to that applied to a motion to dismiss under Rule 12(b)(6)." Maniaci v. Georgetown Univ., 510 F. Supp. 2d 50, 58 (D.D.C. 2007); see also Tapp v. Washington Metro. Area Transit Auth., 306 F. Supp. 3d 383, 391–92 (D.D.C. 2016) (noting that the "focus of a motion to dismiss lies with the plaintiff's inability to proceed on his claim," while "a motion for judgment on the pleadings centers upon the substantive merits of the parties' dispute"). "When evaluating a motion for judgment on the pleadings, the [C]ourt may rely on the pleadings, the exhibits to the pleadings, and any judicially noticeable facts . . . ." Jimenez v. McAleenan, 395 F. Supp. 3d 22, 30 (D.D.C. 2019) (cleaned up) (alteration in original). And while the Court must construe the factual allegations in the light most favorable to the non-moving party, it is not bound by that party's legal conclusions. See Sissel v. U.S. Dep't of Health & Human Servs., 760 F.3d 1, 4 (D.C. Cir. 2014).

**III.  Analysis**

Defendants have moved for judgment as to Counts Five, Seven (in part), Eight, and Nine. Again, Counts Eight and Nine allege that the JC&D Act facially violates the Fourth Amendment of the Constitution, and the other two counts allege that provisions of the Act are unconstitutionally vague. The Court will start with the Fourth Amendment claims before tackling the vagueness challenges.

A.  Counts Eight and Nine: Unconstitutional Searches

As detailed in the Court's prior opinion, following receipt of a judicial misconduct or disability complaint, the chief judge of a circuit may convene a special committee to investigate the complaint.  See Newman, 2024 WL 551836, at *2; see also 28 U.S.C. §§ 353(a), (c).  Here, Chief Judge Moore appointed a special committee to investigate such a complaint against Judge Newman.  Id. at *4.  Under the JC&D Act's "investigation" provision, the special committee was authorized to "conduct an investigation as extensive as it consider[ed] necessary."  28 U.S.C. § 353(c).  Counts Eight and Nine attempt to mount facial attacks to this provision.  Specifically, they allege that § 353(c) "violates the Fourth Amendment to the extent it authorizes a compelled medical or psychiatric examination of an Article III judge" (Count Eight) or "a compelled surrender of medical records belonging to an Article III judge" (Count Nine) "without a warrant based on probable cause."  FAC ¶¶ 118, 124.

To prevail on a facial attack, Judge Newman must show that § 353(c) "is unconstitutional in all of its applications."  Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449 (2008).  Although such a challenge is "the most difficult . . . to mount successfully," in "assessing whether a statute meets this standard," a court must consider "only applications of the statute in which it actually authorizes or prohibits conduct."  City of Los Angeles, Calif. v. Patel, 576 U.S. 409, 415, 418 (2015) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)).

The relevant question therefore is:  Does section 353(c) authorize special committees to engage in conduct that does not run afoul of the Fourth Amendment?  It does.  In "conduct[ing] an investigation as extensive as it considers necessary," a special committee is authorized to undertake action that falls outside the Fourth Amendment.  28 U.S.C. § 353(c).  For example, under the aegis of § 353(c), a special committee could interview court employees, request and

4

receive third-party witness statements, or collect relevant communications from the court's email server, none of which necessarily constitutes a search or seizure.  See Florida v. Bostick, 501 U.S. 429, 434 (1991) ("[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions . . . . [s]o long as a reasonable person would feel free to disregard the police and go about his business." (cleaned up)); United States v. Miller, 425 U.S. 435, 443 (1976) ("[T]he Fourth Amendment does not prohibit the obtaining of information . . . conveyed by [a third party] to Government authorities . . . ."); United States v. Simons, 206 F.3d 392, 395–96, 398 (4th Cir. 2000) (government employee lacked a reasonable expectation of privacy in the "record or fruits of his [i]nternet use" in light of agency's policy that it would monitor employees' internet use and that internet was for official government business only).

Judge Newman concedes that some of § 353(c)'s "investigative tools" "do not implicate the Fourth Amendment."  Pl.'s Opp'n at 7 n.5.  She nonetheless maintains that the use of these tools does not defeat her facial claim for two other reasons.  First, she argues that § 353(c) does "no work" and "is therefore irrelevant" in the context of interviewing a court employee because "the Chief Judge can always interview the Court's employees even in the absence of any complaint against any other judge."  Id.  But a *special committee* has no power to interview an employee in the absence of § 353(c)'s grant of authority.  Indeed, a special committee exists only once a complaint is initiated against a judge, see 28 U.S.C. § 353(a)(1) (permitting the chief judge to appoint a special committee), and its authority to investigate is wholly derived from § 353(c).  Thus, a special committee's power to interview a court employee is an "application[] of the statute in which [the statute] actually authorizes . . . conduct."  Patel, 576 U.S. at 418 (cleaned up).

Second, Judge Newman contends that Patel's standard for facial challenges limits the inquiry only to "investigative conduct" that "implicate[s] the Fourth Amendment"—as opposed to all conduct authorized by the statute.  Pl.'s Opp'n at 7 n.5.  But that approach reads Patel too broadly.  In Patel, a group of hotel proprietors challenged a provision of the Los Angeles Municipal Code that compelled "[e]very operator of a hotel to keep a record" of certain information about guests and to make this record "available to any officer of the Los Angeles Police Department for inspection" on demand.  576 U.S. at 412 (alteration in original) (quoting Los Angeles Municipal Code §§ 41.49(2), (3)(a), (4) (2015)).  In upholding the plaintiffs' facial challenge, the Supreme Court did not question that the only conduct authorized by this provision constituted a search within the meaning of the Fourth Amendment.[1]  The Supreme Court thus characterized the statute as one "authorizing warrantless searches," and explained that, "when addressing a facial challenge to [such] a statute," "the proper focus of the constitutional inquiry is searches that the law actually authorizes, not those for which it is irrelevant"—for example, when "exigency or a warrant justifies an officer's search."  Id. at 418.  But because § 353(c) authorizes conduct that, as Judge Newman admits, does not implicate the Fourth Amendment, this case presents a different kind of statute.  And nothing in Patel suggests that the Court must

---

[1]  Before Patel reached the Supreme Court, the parties disputed—and the lower courts considered—"whether a police officer's non-consensual inspection of hotel guest records under [the provision] constitute[d] a Fourth Amendment 'search.'"  Patel v. City of Los Angeles, 738 F.3d 1058, 1061 (9th Cir. 2013) (en banc), aff'd sub nom. City of Los Angeles, Calif. v. Patel, 576 U.S. 409 (2015).  The Ninth Circuit sitting en banc found that such an inspection did implicate the Fourth Amendment.  Id.  And, only after having made that determination, the circuit concluded that the searches authorized by the provision were unreasonable and—as the final hurdle for a facial challenge—were unreasonable in "all" instances.  Id. at 1064–65 ("Because [the] procedural deficiency affects the validity of all searches authorized by § 41.49(3)(a), there are no circumstances in which the record-inspection provision may be constitutionally applied.").  But as this order of analysis suggests, the first step in the inquiry is to determine whether all the conduct authorized by the law is a search or seizure—not whether the searches or seizures authorized by the law are constitutional.

narrow its analysis of a facial challenge to conduct that falls within the Fourth Amendment's

ambit when the statute also authorizes conduct beyond the amendment's reach.

The D.C. Circuit confirmed as much in <u>Brennan v. Dickson</u>, which challenged a Federal

Aviation Administration ("FAA") rule regulating drones. 45 F.4th 48 (D.C. Cir. 2022). The

FAA promulgated a "Remote Identification" rule that required "drones in flight to emit publicly

readable radio signals reflecting certain identifying information." <u>Id.</u> at 53. The circuit rejected

a facial Fourth Amendment challenge to the rule because it found the rule "generally" did not

implicate privacy rights. <u>Id.</u> at 61 ("Brennan's facial Fourth Amendment challenge fails because

drone pilots generally lack any reasonable expectation of privacy in the location of their drone

systems during flight."). And though the court noted that future applications of the rule might

"violate a pilot's constitutionally cognizable privacy interest," the plaintiff's facial challenge

failed because he had "not shown that [] data collection offends the Fourth Amendment *in every*

*application of the Rule* to the typically very public activity of drone piloting." <u>Id.</u> at 64

(emphasis added). The same is true for § 353(c). Though some investigative conduct might

trigger Fourth Amendment concerns, and even constitute violations of an individual's privacy

rights, Judge Newman has not shown that every application of the provision offends the Fourth

Amendment. Her facial challenges in Counts Eight and Nine therefore fail.

B. <u>Counts Five and Seven: Vagueness</u>

Counts Five and Seven meet the same fate. In these counts, Judge Newman contends that

two sections of the JC&D Act are unconstitutionally vague and violate the Due Process Clause

of the Fifth Amendment. Count Five challenges § 351(a), which provides that someone may

initiate a JC&D complaint against a judge who "is unable to discharge all the duties of office by

reason of mental or physical disability." 28 U.S.C. § 351(a). Judge Newman alleges that this

provision "fails to provide adequate notice of what constitutes a mental disability that renders a judge 'unable to discharge all the duties of office.'" FAC ¶ 103 (citing 28 U.S.C. § 351(a)).  And in Count Seven, she claims that § 353(c)—the investigation provision also challenged in Counts Eight and Nine—"lacks minimal enforcement guidelines." Id. ¶ 112 (citing 28 U.S.C. § 353(c)).[2]  The Court will take up these two challenges in turn.

### 1.  Count Five

"A vague law denies due process by imposing standards of conduct so indeterminate that it is impossible to ascertain just what will result in sanctions." Hastings v. Jud. Conf. of U.S., 829 F.2d 91, 105 (D.C. Cir. 1987).  Statutes are not impermissibly vague, however, merely because they "require[] a person to conform his conduct to an imprecise but comprehensible normative standard, whose satisfaction may vary depending upon whom you ask." United States v. Bronstein, 849 F.3d 1101, 1107 (D.C. Cir. 2017) (cleaned up).  "Rather, a statute is unconstitutionally vague if, applying the rules for interpreting legal texts, its meaning 'specifie[s]' 'no standard of conduct . . . at all.'" Id. (quoting Coates v. Cincinnati, 402 U.S. 611, 614 (1971)); see also Fed. Express Corp. v. United States Dep't of Com., 39 F.4th 756, 773 (D.C. Cir. 2022) ("The Due Process Clause's fair notice requirement generally requires only that the government make the requirements of the law public and afford the citizenry a reasonable

---

[2]  A reminder on how the Court reads Count Seven.  As described in the Court's previous opinion, the count makes three allegations: (1) the JC&D Act is "unconstitutionally vague to the extent it purports to authorize compelled medical or psychiatric examinations . . . or demands for . . . Article III judges to surrender their private medical records," (2) § 353(c), "which authorizes a Special Committee to conduct an investigation 'as extensive as it considers necessary' lacks minimal enforcement guidelines," and (3) the act "vests virtually complete discretion in the hands of a Special Committee." FAC ¶ 112; see also Newman, 2024 WL 551836, at *16 n.13.  The Court has already dismissed the third allegation.  See id. at *17–18.  And the first allegation collapses into the second as the provision purportedly authorizing the Special Committee to compel medical examinations and the production of records is § 353(c).

opportunity to familiarize itself with its terms and to comply." (cleaned up)).  As the Supreme

Court has cautioned, the vagueness doctrine "is not a principle designed to convert into a

constitutional dilemma the practical difficulties in drawing [] statutes both general enough to

take into account a variety of human conduct and sufficiently specific to provide fair warning

that certain kinds of conduct are prohibited."  Colten v. Kentucky, 407 U.S. 104, 110 (1972).

Given the text, legislative history, and implementing rules of the JC&D Act, section

351(a) is not unconstitutionally vague.  First, the text.  Section 351(a) provides that someone

may initiate a JC&D complaint against a judge who "is unable to discharge all the duties of

office by reason of mental or physical disability."  28 U.S.C. § 351(a); see also id. § 354(2)(A)

(providing that judicial councils may impose penalties based on valid complaints).  The statute's

standard of conduct is thus defined in reference to the "duties of [judicial] office."  And judges,

the only individuals against whom § 351(a) can be enforced, are well aware of their duties.

Indeed, before taking office, all judges must swear an oath to "faithfully and impartially

discharge and perform all the duties incumbent upon" them.  28 U.S.C. § 453.  Because the

provision is pegged to "knowable criteria," it is not impermissibly vague.  United States v.

Ragen, 314 U.S. 513, 523 (1942) (cleaned up); see also Milavetz, Gallop & Milavetz, P.A. v.

United States, 559 U.S. 229, 247–48 (2010) (rejecting a vagueness challenge to a Bankruptcy

Code provision because the individuals against whom the provision would be enforced—

"[a]ttorneys and other professionals who give debtors bankruptcy advice"—"must know" of

other provisions in the Code that impose similar standards).

The legislative history of the JC&D Act provides further color to § 351(a)'s standard.

See United States v. Poindexter, 951 F.2d 369, 379 (D.C. Cir. 1991) (suggesting that clear

legislative history can render a "facially vague" provision constitutional).  As the D.C. Circuit

held in the context of an overbreadth challenge to a related provision of the JC&D Act, the "legislative history demonstrates that the Act was directed against serious judicial transgressions." Hastings, 829 F.2d at 106; see also id. at 106 n.59 ("It is worth pointing out that federal judges, the individuals to whom the Act is directed, are unusually well qualified to interpret statutes in light of their legislative history."). The Act "[wa]s not designed," by contrast, "to assist the disgruntled litigant who is unhappy with the result of a particular case." S. Rep. No. 96-362, 96th Cong., 1st Sess., 8 (1979), reprinted in 1980 U.S. Code Cong. & Ad. News 4315, 4323.[3]

Congress also supplied several reference points for interpreting § 351(a). See Arnett v. Kennedy, 416 U.S. 134, 160 (1974) (finding no vagueness issue when a statute "was not written upon a clean slate"). The Senate Report noted that § 351(a) was "a paraphrase of [the] existing statutory language" of 28 U.S.C. 372(b). S. Rep. No. 96-362, 9. Section 372(b), which was enacted in 1957, permits the president to appoint an additional judge when a sitting judge, who is eligible to retire but does not do so, becomes "unable to discharge efficiently" her duties "by reason of permanent mental or physical disability." 28 U.S.C. § 372(b); see also P.L. 85-261, September 2, 1957, 71 Stat. 586. The Senate Report further counseled that the JC&D Act's standards should be informed by the Code of Judicial Conduct and the Canons of Judicial Ethics of the American Bar Association, resolutions of the Judicial Conference related to judicial

---

[3] Under the version of the statute then before the Senate Judiciary Committee, what is now § 351(a) was located at § 372(c)(1)(a) and had a slightly different formulation. Then-section 372(c)(1)(a) permitted any person to file a written complaint alleging that a "judge is or has been unable to discharge efficiently all the duties of his or her office by reason of mental or physical disability." S. Rep. No. 96-362, 8.

conduct, and acts of Congress about judicial conduct.  S. Rep. No. 96-362, 9; see also Hastings, 829 F.2d at 106 (citing same).[4]

Finally, the Rules for Judicial-Conduct and Judicial-Disability Proceedings ("JC&D Rules"), promulgated by the Judicial Conference of the United States, clarify the meaning of disability in § 351(a).  See Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc., 455 U.S. 489, 504 (1982) (noting that the adoption of "administrative regulations" can "sufficiently narrow potentially vague or arbitrary interpretations" of a local ordinance).[5]  The rules list as "[e]xamples of disability" "substance abuse, the inability to stay awake during court proceedings, or impairment of cognitive abilities that renders the judge unable to function effectively."  JC&D R. 4(c).  Given these definitions, § 351(a) "provides a discernable standard."  Bronstein, 849 F.3d at 1107.

Judge Newman offers two main rebuttals.  First, she claims that the "history of enforcement of [§ 351(a)]," and in particular the proceedings against her, "illustrate[] how standardless [the provision] is."  Pl.'s Opp'n at 19.  But at most, her examples suggest that the statute is subject to multiple interpretations.  See, e.g., id. at 21 (claiming that aspects of the Federal Circuit's investigation "confirm[] the latent subjectivity at play"); id. 24 ("'[E]ffectiveness' is in the eye of the beholder.").  A subjective statute is not an unconstitutional

---

[4]  The commentary to the Code of Judicial Conduct reflects this purpose.  It notes that the code "may [] provide standards of conduct for application in proceedings under the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980."  Code of Conduct for United States Judges, Canon 1, Commentary, https://perma.cc/JW2B-99GU.

[5]  Judge Newman claims the "needed clarity" cannot come from the JC&D Act's implementing rules.  Pl.'s Opp'n at 23.  But neither of the cases she draws on for support concerns a Fifth Amendment vagueness challenge.  See Texas Educ. Agency v. United States Dep't of Educ., 992 F.3d 350, 361 (5th Cir. 2021) (state waivers of sovereign immunity); Bennett v. Kentucky Dep't of Educ., 470 U.S. 656, 666 (1985) (limits on state uses of federal funding).

one.  See Bronstein, 849 F.3d at 1107 ("[A] statutory term is not rendered unconstitutionally

vague because it do[es] not mean the same thing to all people, all the time, everywhere."

(cleaned up) (second alteration in original)).  Second, she suggests that any subjectivity in §

351(a) is impermissible because it undermines judicial independence.  See, e.g., Pl.'s Opp'n at

25 ("[B]ecause an Article III judge is not subject to 'supervision' by any of her colleagues, an

Article III judge need not meet any other judge's . . . definition of 'effectiveness.'").  But, as the

D.C. Circuit (and this Court) have held, "Article III's grant of 'judicial independence'" does not

give "judges 'absolute freedom from' discipline or sanctions that fall short of removal or salary

diminution."  Newman, 2024 WL 551836, at *18 (quoting McBryde v. Comm. to Rev. Cir.

Council Conduct & Disability Ords. of Jud. Conf. of U.S., 264 F.3d 52, 65 (D.C. Cir. 2001)).

Nor does the Constitution "exclude[] discipline of judges *by* judges."  Id. (quoting McBryde, 264

F.3d at 65).  Given these accepted limits on judicial independence, there is no reason to believe

that Article III imposes a heightened standard of clarity on statutes affecting judicial authority.

Accordingly, the Court grants Defendants' motion as to Count Five.

### *2.  Count Seven*

Section 353(c) is not unconstitutionally vague either.  The vagueness doctrine "prevents

the government from imposing criminal and, to a lesser extent, civil penalties if the statute or

regulation specifying the prohibited conduct is not sufficiently specific to provide fair notice" or,

as Judge Newman alleges with respect to § 353(c), "fair enforcement."  Maxwell v. Rubin, 3 F.

Supp. 2d 45, 49 (D.D.C. 1998); see also Beckles v. United States, 580 U.S. 256, 265 (2017)

("[T]win concerns underly[] vagueness doctrine—providing notice and preventing arbitrary

enforcement.").  But "the vagueness doctrine applies only to laws that regulate the primary

conduct of private citizens"—*i.e.*, "laws that define crimes," "laws that fix sentences," "laws that

restrict speech," and "laws that regulate businesses."  United States v. Matchett, 837 F.3d 1118, 1119, 1122 (11th Cir. 2016) (en banc); see also El-Shifa Pharm. Indus. Co. v. United States, 607 F.3d 836, 856 n.4 (D.C. Cir. 2010) (en banc) (Kavanaugh, J., concurring) ("If a statute regulating private conduct provides no discernible standards and therefore insufficient notice of what actions are prohibited, the statute might be void for vagueness under the Due Process Clause."). The Supreme Court has found that a statute can lead to arbitrary enforcement in one of two scenarios: "[I]f it leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case, . . . or permits them to prescribe the sentences or sentencing range available."  Beckles, 580 U.S. at 266 (cleaned up); see also id. at 262.

The JC&D's investigation provision does not fall into either category.  It does not vest a special committee with authority to decide what judicial conduct is or is not permissible, nor does it allow a committee to choose the proper penalty for such conduct.  Instead, it merely sets the outer boundaries for how a special committee may investigate once a JC&D complaint has been initiated.  It also bears noting that § 353(c) is not unusual.  Federal prosecutors and some federal agencies enjoy similarly broad investigative authority.  See, e.g., Justice Manual 9-2.001 ("The statutory duty to prosecute for all offenses against the United States (28 U.S.C. § 547) carries with it the authority necessary to perform this duty.  The [U.S. Attorney] is invested by statute and delegation from the Attorney General with the broadest discretion in the exercise of such authority."); 15 U.S.C. § 78u ("The [Securities and Exchange] Commission may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this chapter.").

Judge Newman does not address whether the vagueness doctrine applies to § 353(c) as a threshold matter. She does offer two tangential arguments. Neither succeeds. First, she claims that "[b]ecause there is no defined reference point" for § 351(a)'s disability standard, "it necessarily follows that any inquiry into whether that standard has been met will itself be hopelessly vague." Pl.'s Opp'n at 28. As explained above, however, 351(a) has defined reference points. Second, she repackages an argument that she made—and the Court rejected—in the last round of motions. She claims that the "issue" with § 353(c) is that "Defendants can *compel* Judge Newman to turn over private documents and then *directly sanction* her for declining to do so." Pl.'s Opp's at 28 (emphasis in original). It is difficult to see how this is a vagueness challenge. In any event, this point confuses the authority of special committees with that of circuit judicial councils. Though a special committee can issue orders to subject judges, the JC&D Act "does not give [it] enforcement power." Newman, 2024 WL 551836, at *17. Instead, the Act "directs special committees to present a report to the judicial council with 'recommendations for necessary and appropriate action by the judicial council.'" Id. (quoting 28 U.S.C. § 353(c)). The JC&D Rules also divest the special committee of enforcement power. They "allow subject judges to refuse to comply with investigations for 'good cause,'" and empower "the judicial council, [or] ultimately the Judicial Conference [of the United States]," but not the special committee, to "decide whether the judge had good cause to refuse." Id. (quoting JC&D R. 4(a)(5)). Finally, to the extent judicial councils (as opposed to special committees) have the power to both compel and sanction, the D.C. Circuit has found no constitutional defect in that arrangement. See Newman, 2024 WL 551836, at *17 ("[In Hastings,] [t]he circuit held that the JC&D Act's vesting of both investigative and adjudicatory functions in the same body did not violate due process." (citing Hastings, 829 F.2d at 104–05)).

In sum, § 353(c) is not unconstitutionally vague, and Defendants are therefore entitled to judgment on the pleadings as to Count Seven.

**IV.   Conclusion**

For these reasons, the Court will grant Defendants' motion for judgment on the pleadings and dismiss this case as to all remaining claims.  A separate Order shall accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: July 9, 2024

15

25