**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Case No. 24-5173

**HON. PAULINE NEWMAN**

*Plaintiff-Appellant,*

v.

**HON. KIMBERLY A. MOORE, IN HER OFFICIAL CAPACITIES AS CHIEF JUDGE OF THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, CHAIR OF THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT, AND CHAIR OF THE SPECIAL COMMITTEE OF THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT; HON. SHARON PROST, IN HER OFFICIAL CAPACITY AS MEMBER OF THE SPECIAL COMMITTEE OF THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT; HON. RICHARD G. TARANTO, IN HIS OFFICIAL CAPACITY AS MEMBER OF THE SPECIAL COMMITTEE OF THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT; AND JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, IN THEIR OFFICIAL CAPACITIES,**

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Columbia, No. 23-cv-01334-CRC; Hon. Christopher R. Cooper, Presiding

**BRIEF FOR AMICUS CURIAE IN SUPPORT OF JUDGE NEWMAN**

Christopher A. Zampogna
Zampogna P.C. (Past President, BADC)
2101 L St. NW Ste. 300
Washington, DC 20037
Tel: (202) 223-6635
Email: caz@zampognalaw.com
*Counsel of Record for Amicus Curiae*
December 12, 2024

# CERTIFICATE OF PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rules 28(a)(1) and 26.1, *amicus curiae* the Bar Association of the District of Columbia ("BADC") certifies the following:

**(A) Parties and Amici**

All parties and intervenors appearing in the proceedings below are listed in the Opening Brief of Plaintiff-Appellant. *Amicus* in this matter is the BADC.

**(B) Ruling Under Review**

Reference to the ruling at issue appears in the Opening Brief for Plaintiff-Appellant.

**(C) Related Cases**

The case on review has not previously been before this Court or any other Court, and the BADC is not aware of any related cases in this Court or any other Court.

# DISCLOSURE STATEMENT

*Amicus* the Bar Association of the District of Columbia ("BADC") states that it does not have a parent corporation and does not issue stock. See Fed. R. App. P. 26.1; D.C. Cir. R. 26.1. The BADC also states that it is a Section 501(c)(6) nonprofit organization.

# TABLE OF CONTENTS

CERTIFICATE OF PARTIES, RULINGS, AND RELATED CASES ................. ii

DISCLOSURE STATEMENT ....................................................................... ii

STATEMENT OF INTEREST OF *AMICUS CURIAE* ............................................ 1

ARGUMENT ................................................................................................. 2

CONCLUSION .............................................................................................. 4

CERTIFICATE OF COMPLIANCE ............................................................... 5

CERTIFICATE OF SERVICE ........................................................................ 6

# STATEMENT OF INTEREST OF *AMICUS CURIAE*[1]

The Bar Association of the District of Columbia is a non-profit organization ("BADC") which monitors developments in law, including caselaw and the courts. Members specialize in all aspects of litigation and frequently represent clients before the courts throughout our nation, including the Federal Circuit and this Court.

---

[1] No party's counsel authored this brief in whole or in part; no party or party's counsel contributed money intended to fund preparing or submitting this brief; and no person other than amici, their members, or their counsel contributed money intended to fund preparing or submitting this brief. All parties consent to the filing of this brief.

# ARGUMENT

The BADC submits this amicus brief in support of the appeal of Judge Pauline Newman of the Federal Circuit. As Appellees note, Judge Newman is recognized "for her insightful dissents, which have often been vindicated by the Supreme Court," including this year. Kimberly Moore, *Anniversaries and Observations*, 50 AIPLA Q. J. 521, 524-25 (2022). *See also Rudisill v. McDonough*, 601 U.S. 294 (2024), *reversing* 55 F.4th 879 (Fed. Cir. 2022) (*en banc*) (adopting Judge Newman's view of the law). Judge Newman's past and current peers on the Federal Circuit agree:

> Former [Federal Circuit] Chief Judge Michel noted that "Judge Newman may hold the record for the most dissents. But her dissents have great force and often persuade other colleagues over time." [Current Federal Circuit Chief] Judge Moore concurred, saying, "What people may not realize is that many of her dissents have later gone on to become the law-either the en banc law from our court or spoken on high from the Supremes." She noted that "*Merck v. Integra* comes to mind. It's a case where she wrote a very strong dissent. The Supreme Court took it and not only changed the state of the law to reflect what she had written, but they cited her outright in the opinion."

Prof. Daryl Lim, *I Dissent: The Federal Circuit's "Great Dissenter," Her Influence on the Patent Dialogue, and Why It Matters*, 19 Vanderbilt Journal of Entertainment and Technology Law 873, 909 (2020), https://scholarship.law.vanderbilt.edu/jetlaw/vol19/iss4/3.

The involuntary and indefinite suspension of Judge Newman from all judicial duties is an impeachment and deprives our legal community of an experienced and fiercely independent voice in the ongoing weaving of the tapestry of caselaw at the Federal Circuit. This ongoing suspension circumvents our Constitution because Judge Newman can only be impeached by Congress. *See* U.S. Const. art. II, § 4.

The BADC submits this amicus brief to also apprise this Court of widespread, but silent, support for Judge Newman's appeal among the Federal Circuit's practitioner community. *See, e.g.*, Dr. Seuss, *The Lorax* (1971) ("I am the Lorax. I speak for the trees. I speak for the trees, for the trees have no tongues."). These practitioners fear, whether justified or not, that publicly supporting Judge Newman's effort might adversely impact their own appeals before the Appellees. This silence, noted only here, underscores why this Court should approach with skepticism the suspension and Appellees' refusal to transfer the complaint against Judge Newman to another circuit's judicial council.

# CONCLUSION

The Court should reverse the judgment below, render judgment for Judge Newman, and immediately lift the suspension. Our constitutional structure and independence of the federal judiciary demand nothing less.

Respectfully submitted,

  /s/ Christopher A. Zampogna
Christopher A. Zampogna
Zampogna P.C.
2101 L St. NW Ste. 300
Washington, DC 20037
Tel: (202) 223-6635
Email: caz@zampognalaw.com
Past President, BADC

*Counsel of Record for Amicus Curiae*

December 12, 2024

# CERTIFICATE OF COMPLIANCE

I hereby certify that:

This brief complies with the type-volume limit D.C. Circuit Court Rules 32(a)(7)(B) and 29(a)(5) because it contains 548 words, excluding the parts of the brief exempted by Circuit Rule 32(f).

This brief further complies with the typeface requirements of D.C. Circuit Court Rule 32(a)(5) and the type-style requirements of D.C. Circuit Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

                                               */s/ Christopher A. Zampogna*  
                                                 Christopher A. Zampogna

December 12, 2024

# CERTIFICATE OF SERVICE

I certify that on December 12, 2024, I electronically filed the foregoing Amicus Curiae brief with the United States Court of Appeals for the District of Columbia Circuit by using this Court's CM/ECF system. Accordingly, all counsel of record in the case will be served by the Court's CM/ECF system.

                                     */s/ Christopher A. Zampogna*
                                     Christopher A. Zampogna

December 12, 2024