**PUBLIC COPY—SEALED MATERIAL DELETED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

HON. PAULINE NEWMAN,

        Plaintiff-Appellant,

v.

HON. KIMBERLY A. MOORE, *in her official capacities as Chief Judge of the U.S. Court of Appeals for the Federal Circuit, Chair of the Judicial Council of the Federal Circuit, and Chair of the Special Committee of the Judicial Council of the Federal Circuit*, et al.,

        Defendants-Appellees.

No. 24-5173

## OPPOSITION TO MOTION TO UNSEAL

Plaintiff's motion to unseal her supplemental appendix and the redacted portions of her opening brief should be denied. By statute, "all papers, documents, and records of proceedings" related to judicial misconduct and disability proceedings "shall be confidential and shall not be disclosed by any person in any proceeding." 28 U.S.C. § 360(a). Each of the documents in Plaintiff's supplemental appendix—as well as each quotation from those documents in her opening brief—is subject to that statutory injunction of confidentiality. Nothing in the Judicial Conduct and Disability Act (the Act), or in

the Rules for Judicial-Conduct and Judicial-Disability Proceedings (JC&D Rules), authorizes a judge subject to a JC&D complaint to waive that statutorily required confidentiality on her own and make disclosures about covered proceedings. The provision on which Plaintiff now relies (Mot. 3–4), 28 U.S.C. § 360(a)(3), expressly requires that a judge subject to a complaint must receive "authoriz[ation] in writing" from "the chief judge of the circuit" prior to any disclosure.

That restriction exists because a subject judge's personal privacy interest in avoiding unwanted publicity is only one part of the purpose behind the statutory confidentiality restrictions. Those provisions also protect broader interests in ensuring the fairness and integrity of the investigative process. As the JC&D Rules explain: "Confidentiality under these Rules is intended to protect the fairness and thoroughness of the process by which a complaint is filed or initiated, investigated . . . , and ultimately resolved." JC&D Rule 23(a).

As explained further below, the Chief Judge of the Federal Circuit, with the agreement of the other members of the Special Committee appointed to conduct the investigation under the Act and JC&D Rules, has protected both the integrity of the process and interests in public transparency

by consistently releasing materials related to the investigation in coherent batches (in response to Plaintiff's requests), subject to proper redactions. That approach has resulted in public disclosure (with some redactions) of all briefs, witness statements, and decisions in the matter up through the decision of the Federal Circuit Judicial Council renewing Plaintiff's one-year suspension from hearing cases on September 6, 2024. The Chief Judge and Special Committee intend to continue this practice, and they anticipate and are aiming for release of the documents that are the subject of the present motion to unseal in a matter of weeks, not months, after key steps in the active investigation of the matter are completed.

Plaintiff's request for unsealing is particularly misplaced where, as here, the documents in the Supplemental Appendix were not before the District Court, in the record, or even in existence at the time of the District Court decision on review in this appeal. These non-record documents are also of at best questionable relevance to the appeal. Given these circumstances, we ask this Court not to take the extraordinary step of unsealing the documents, sealed by another circuit's Article III judges in the midst of an investigation, in the context of a statutory process for which Congress has prescribed a strong rule of confidentiality.

The orderly process being carried out by Defendants under the JC&D Act and Rules should be respected.  Plaintiff's unsealing request amounts to a request that this Court reject Congress' considered conclusion that, as a policy matter, proceedings of this nature warrant a strong rule of confidentiality, not just in the interests of the subject judge, but for other reasons that include public confidence in the process for addressing the misconduct or disability issues raised about a member of the judiciary.[1]  In balancing competing concerns, the Chief Judge, Special Committee, and Judicial Council have released all documents, subject to redactions, promptly after appropriate

---

[1]  Seemingly recognizing that skewed public disclosures are of legitimate concern in this setting, Plaintiff argues that she "is not seeking selective release of documents that would place the Defendants-Appellees in a particularly disadvantageous legal or public position. . . . A full release of the documents will allow the public to see for itself whether Defendants-Appellees or Judge Newman is correct." Mot. 9.  But Plaintiff in fact is being selective about disclosure—and, even, of submission of materials for this Court to consider.  What she seeks to release, and has submitted to this Court, is only the ███████████████████ without the basis for that ██████, *i.e.*, ████████████, which Plaintiff attached to her ██████ in the Special Committee proceeding but did not include in her Supplemental Appendix to her brief in this litigation.  Plaintiff also seeks to disclose only her ████████ ██████████████████████████████████████ and not any of the attachments she filed with her ████████.  Unsealing at this stage therefore would publicize only her characterizations of and arguments about the ██████ (in the ██████), not the ██████ itself.  So that this Court in evaluating the motion to unseal can assess the full context of Plaintiff's requested disclosure, we attach the complete documents in a sealed appendix to this motion. *See* Sealed App.; *cf.* Fed. R. Evid. 106.

stages of the investigatory and decisional process. This Court should not override those judgments, or more generally disturb the congressional authorization of such balancing, in ruling on a motion that concerns non-record material of questionable relevance that will likely be released as part of a larger batch soon, mooting the unsealing dispute.

## BACKGROUND

The Judicial Conduct & Disability Act (the Act) and its implementing regulations require that judicial misconduct and disability proceedings be conducted confidentially. The Act provides that:

> Except as provided in section 355 [governing impeachment referrals], all papers, documents, and records of proceedings related to investigations conducted under this chapter *shall be confidential and shall not be disclosed by any person in any proceeding* except to the extent that—

> (1)    the judicial council of the circuit in its discretion releases a copy of a report of a special committee under section 353(c) to the complainant whose complaint initiated the investigation by that special committee and to the judge whose conduct is the subject of the complaint;

> (2)    the judicial council of the circuit, the Judicial Conference of the United States, or the Senate or the House of Representatives by resolution, releases any such material which is believed necessary to an impeachment investigation or trial of a judge under article I of the Constitution; or

> (3)    such disclosure is authorized in writing by the judge who is the subject of the complaint and by the chief judge of the

circuit, the Chief Justice, or the chairman of the standing committee [(the JC&D Committee)].

28 U.S.C. § 360(a) (emphasis added). Thus, the statutory injunction of secrecy contemplates public disclosure with the agreement of both the judge under investigation and the chief judge of the circuit (or the Chief Justice or the chair of the JC&D Committee). *See id.* § 360(a)(3).

The JC&D Rules promulgated by the Judicial Conference reinforce this statutory mandate. They specify that "[t]he consideration of a complaint by a chief judge, a special committee, a judicial council or the Committee on Judicial Conduct and Disability is confidential" and that "[i]information about this consideration must not be publicly disclosed by any judge or judicial employee." JC&D Rule 23(b)(1).

While these confidentiality requirements exist in part to protect the judge subject to the complaint, they also protect broader interests in ensuring the fairness and integrity of the process. "Confidentiality under these Rules is intended to protect the fairness and thoroughness of the process by which a complaint is filed or initiated, investigated . . . and ultimately resolved." JC&D Rule 23(a).

In this litigation, Judge Pauline Newman (Plaintiff) has sued the Judicial Council of the Federal Circuit. She challenges proceedings instituted

against her under the Act. These proceedings remain ongoing before a Special Committee of the Judicial Council.

At the outset of those proceedings, the Special Committee issued an order reminding Plaintiff and her counsel that no orders issued by the Special Committee or filings made by Plaintiff could be disclosed without leave of the Chief Judge of the Federal Circuit. Order, *In re Complaint No. 23-90015* (May 3, 2023), available at https://perma.cc/4DDV-ELZ4 (May 3 Order) (discussing a prior "lapse[ ] in adherence to the confidentiality provisions in Act" by Plaintiff's counsel); *see also* JC&D Rule 23(b)(7)–(8). The Special Committee has further explained, in response to requests by Plaintiff, that the Chief Judge will approve the public disclosure of records after the Special Committee has had an opportunity to investigate and consider the filings (and consider any necessary redactions), rather than in an ad hoc or piecemeal manner. *See* Order, *In re Complaint No. 23-90015* (July 8, 2023), available at https://perma.cc/7ZFN-AAWG (July 8 Order) ("Consistent with our past practice, materials will be released in a batch, not piecemeal or on a document-by-document basis. No release will occur until the materials have been reviewed for necessary redactions consistent with the obligations imposed by the Rules and Commentary."); ███████████████████

██████████████████████████████████████████████

████████████████ ; *see also* May 3 Order, at 3–4 (explaining harms to integrity of investigation that may result from piecemeal disclosure).

In this manner, the Chief Judge has regularly approved the public disclosure of batches of materials at Plaintiff's request, subject to appropriate redactions.[2]  Indeed, the Chief Judge has approved the release of all documents in these proceedings up to and including the most recent Judicial Council order on September 6, 2024.  Thus, although the Judicial Conference's JC&D Committee denied Plaintiff's request to publicly release one of her filings, the Chief Judge has routinely granted such requests consistent with the Special Committee's orders regarding orderly release.  *Cf.* JC&D Committee Decision at 29 n.14 (in reviewing and affirming the Judicial

---

[2] *See* Fed. Cir., Release of Prior Orders in Ongoing Judicial Investigation (May 16, 2023), https://perma.cc/JGS5-SGBX; Fed. Cir., Release of Prior Orders in Ongoing Judicial Investigation (June 5, 2023), https://perma.cc/66BQ-NRNN; Fed. Cir., Release of Materials in Ongoing Judicial Investigation (Aug. 4, 2023), https://perma.cc/5FG8-EFUT;  Fed. Cir., Release of Materials in Judicial Investigation (Sept. 20, 2023), https://perma.cc/4TCU-QEPN;  Fed. Cir., Release of Materials in Judicial Investigation (Jul. 9, 2024), https://perma.cc/5GLJ-GG9L; Fed. Cir., Release of Materials in Judicial Investigation (Sept. 6, 2024), https://perma.cc/KXZ5-PBWH.

Council's September 2023 order, JC&D Committee denies Plaintiff's request to disclose her petition for such review).

For purposes of this Court's proceedings, the present confidentiality dispute arose when Plaintiff's opening brief and appendix in this Court recently became due. On December 2, 2024, Plaintiff's counsel sent an email to the Clerk of the Federal Circuit in which he stated that he intended unilaterally to disclose, in the publicly filed Joint Appendix for this appeal, documents that remain sealed in the ongoing Judicial Council proceedings. Correspondence between Plaintiff's counsel and government counsel followed.[3] Government counsel made clear to Plaintiff's counsel that Plaintiff could not file sealed documents on the public record in this Court (let alone do so in the Joint Appendix), but that Plaintiff could file a supplemental appendix under seal pursuant to this Court's rules if she wished. *See, e.g.*, Add. 1 (email to Plaintiff's counsel) ("If you wish to file sealed documents in the D.C. Circuit in support of your appeal, you may do so (reserving our right to object on relevance or other grounds), but you must comply with the D.C. Circuit rules regarding sealed material. *See* D.C. Circuit Rule 47.1.").

---

[3] Attached in an addendum to this filing are true and correct copies of all emails between government counsel and Plaintiff's counsel dated between December 2–5, 2024, in chronological order. *See* Add. 1–5.

Plaintiff eventually filed her brief—a sealed version and a public, partially redacted version—as well as a sealed supplemental appendix.[4]  This motion to unseal followed.

## ARGUMENT

The motion to unseal should be denied.  The Act and JC&D Rules could hardly be more explicit that "*all* papers, documents, and records of proceedings related to" a judicial misconduct and disability proceeding "shall be confidential and shall not be disclosed *by any person in any proceeding*." 28 U.S.C. § 360(a) (emphases added); *see also* JC&D Rule 23(b)(1) ("information" about a JC&D proceeding "must not be publicly disclosed by any judge or judicial employee").  Any public disclosure of documents from an ongoing JC&D proceeding requires, at a minimum, the written authorization of the Chief Judge of the circuit, 28 U.S.C. § 360(a)(3), which Plaintiff has not received.

As the JC&D Rules reflect—and as the Special Committee here has previously emphasized to Plaintiff, *see* May 3 Order, at 2—the confidentiality

---

[4] The public version of Plaintiff's opening brief does not properly obscure all references to proceedings that remain under seal.  *See* Br. 15–16.  In addition, her publicly filed Motion to Unseal to this Court quotes directly from the sealed filings.  Mot. 5, 12.

requirements of the Act do not exist solely for the protection of the subject judge. "Confidentiality under these Rules is intended to protect the fairness and thoroughness of the process by which a complaint is filed or initiated, investigated . . . , and ultimately resolved." JC&D Rule 23(a). The policy judgment is that the strong rule of confidentiality is needed, and should be applied, to ensure not just protection of witnesses from harassment but, more generally, preservation of the integrity and thoroughness of an investigation within the Judiciary of judicial misconduct and disability disputes—some of the most sensitive matters in the Judiciary.

Plaintiff's arguments do not give due recognition to this evident policy judgment. Plaintiff does not quote the unambiguous language of the statute stating the strong general rule, declaring that "all" papers, documents, and records of such a proceeding "shall not be disclosed by any person in any proceeding," 28 U.S.C. § 360(a), or recognize that the exception relevant here requires Chief Judge approval without confining the Chief Judge's discretion, *id.*, § 360(a)(3). JC&D Rule 23(a) and (b)(7) are to the same effect. Pointing (Mot. 4) to the commentary to the JC&D Rules, Plaintiff argues that a chief judge "ordinarily" will approve the public disclosure of records if the subject judge has consented and the interests of any complainant or

witnesses are protected. *See* Commentary to JC&D Rule 23, at 52. But even that commentary does not say when such disclosure is to occur. And as Plaintiff has been advised repeatedly, the Chief Judge has announced that she will approve the public disclosure of records at appropriate stages in the process, after the Special Committee has had an opportunity to consider them and require any necessary redactions, *e.g.*, July 8 Order; and the Chief Judge has repeatedly done so already, releasing all documents to date (duly redacted) up through the September 2024 Judicial Council Order, *see supra* n.2. That process has avoided releases that are skewed by selectivity.[5] It recognizes the balance of relevant interests. Nothing in the statute or Rules makes that process an abuse of the congressionally conferred discretion.

It makes no difference that, according to Plaintiff, the JC&D records she wishes to unseal relate to "certain aspects of [her] own medical history" (Mot. 3). Plaintiff is, and has always been, free to discuss her own medical history in public if she wishes. The documents she now asks this Court to un-seal, however, constitute official "papers, documents, and records of

---

[5] As already noted *supra* at n.1, although Plaintiff claims that she wishes the entirety of her filings in the JC&D proceedings be made public, she has not attached, even for this Court's review, an unredacted copy of the attachments to her ████████████████████, so unsealing here would nec-essarily be selective, not complete.

proceedings related to" a pending JC&D proceeding, 28 U.S.C. § 360(a), and the disclosure of such records is governed by the Act and the JC&D Rules.

Plaintiff's disagreement with the pace at which the Chief Judge has acted on her requests to make confidential records public is likewise of no moment. The Chief Judge may reasonably release information about a pending JC&D proceeding, if at all, periodically and in coherent batches, rather than in an ad hoc manner or whenever Plaintiff demands. *See* July 8 Order; *cf. In re Reps. Comm. for Freedom of the Press*, 773 F.2d 1325, 1336 (D.C. Cir. 1985) (Scalia, J.) (explaining that the First Amendment does not impose a barrier on keeping judicial records confidential prior to entry of final judgment).

As already noted, there is no persuasive justification for Plaintiff's insistence on immediately unsealing the materials in her supplemental appendix. Those materials were not before the district court, are not part of the record on appeal, and have no bearing on whether the district court correctly decided the questions before it—whether particular facial challenges to the Act had merit or whether review of as-applied challenges has been precluded.

Even if the relevance of these materials to this case were clear, moreover, Plaintiff would not need to unseal them to put them before this Court. She is wrong when she asserts that Defendants "seek[ ] to preclude Judge Newman from informing . . . *this Court* about what she perceives are significant constitutional and statutory violations." Mot. 9 (emphasis in original). The point of this Court's Rule 47.1 is precisely to enable parties to put sealed materials before the Court without making them public. And government counsel pointed Plaintiff to just that course, while reserving objections that the Court should not rely on the material.

Importantly, contrary to Plaintiff's assertion (Mot. 3), Defendants have never sought "to dictate to [Plaintiff] how to litigate this matter" before this Court. Government counsel made clear that Plaintiff could file any document she wished under seal. *See* Add. 1, 3–4. Nor has the Special Committee made any effort to prevent Plaintiff from submitting documents under seal for consideration by this Court. *See* ███████████████████████████ ████████████████████. What Defendants have insisted upon is only what the Act, the JC&D Rules, and this Court's own rules require.

Plaintiff's reliance on the *Hubbard* factors to contest a statutorily imposed obligation of confidentiality is misplaced. *See* Mot. 6–10 (citing *United*

*States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)).  No statute or rule confers a general power on federal courts to seal records; rather, in the absence of a specific rule, courts issue sealing orders under their inherent authority to manage proceedings.  *See United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003).  In this Circuit, the *Hubbard* factors guide courts in exercising that inherent authority balanced against the common law right of access to judicial proceedings.  *See Hubbard*, 650 F.2d at 314–15 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)).  But "the exercise of an inherent power cannot be contrary to any express grant of or limitation on the . . . court's power contained in a rule or statute."  *Dietz v. Bouldin.*, 579 U.S. 40, 45 (2016); *see also id.* at 46 (explaining that inherent authority cannot be used to "circumvent" express rule).  Because Congress has given the relevant discretion to the Chief Judge of the circuit where the JC&D proceeding is taking place, and this Court has no discretion to exercise, the *Hubbard* factors are of no help to Plaintiff.  *Cf. Matter of Application of United States for Ord. Authorizing Interception of Wire Commc'n*, 729 F. App'x 204, 205 (3d Cir. 2018) (holding that district court correctly applied specific statutory standard to deny request to unseal wiretap materials rather than common law doctrine).

Indeed, although the Court need not reach the question, this Court likely lacks the authority to unseal confidential JC&D records in these circumstances. In general, a court may lift a seal that it has itself imposed, *see, e.g.*, *Matter of Application & Affidavit for a Search Warrant*, 923 F.2d 324, 328 (4th Cir. 1991) (holding that only court that received affidavit under seal could unseal it), or that was imposed by an inferior tribunal subject to its supervisory authority, *see, e.g.*, *In re Swearingen Aviation Corp.*, 605 F.2d 125, 126 (4th Cir. 1979) (directing partial unsealing of district court opinion). Neither source of authority applies here, where Plaintiff asks this Court to unseal records that are made confidential by operation of law in a JC&D proceeding in another circuit—with case-specific determinations subject to prescribed limits on judicial review that do not give a role to this Court. *See* 28 U.S.C. §§ 352(c), 357; *McBryde v. Comm. to Rev. Cir. Council Conduct & Disability Ords. of Jud. Conf. of U.S.*, 264 F.3d 52 (D.C. Cir. 2001). Where Congress requires that judicial documents be treated as sealed, that statutory mandate normally binds courts as well as parties. *See, e.g.*, *ACLU v. Holder*, 673 F.3d 245, 256 (4th Cir. 2011) (holding that the mandatory pre-service seal requirements of the False Claims Act properly remove courts'

discretion over sealing litigation).[6]  The Court need not decide that question here, however, because there is no justification for granting Plaintiff's motion.

Finally, consistent with their practice throughout the present proceeding, the Chief Judge and Special Committee intend to release the materials requested by Plaintiff, subject to appropriate redactions, after an appropriate stage of the Special Committee's investigation and consideration (which are actively underway).  The Special Committee anticipates that this review will likely be completed in a matter of weeks, likely not long after the holidays.  The Special Committee's consideration and subsequent release of the very materials requested by Plaintiff may well moot the need for this Court to decide this motion.

---

[6] Section 360(a) is unlike the provisions of the Dodd-Frank Act that this Court interpreted in *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661 (D.C. Cir. 2017).  In that case, this Court held that Dodd-Frank could not be read to implicitly displace the *Hubbard* standard because the confidentiality provisions at issue did not mention the courts or impose an obligation of confidentiality on them.  *See id.* at 699.  Here, by contrast, "the *Hubbard* inquiry must yield to [the] statute because "'Congress has spoken directly to the issue at hand.'"  *Id.* (quoting *Center for Nat. Sec. Stud. v. DOJ*, 331 F.3d 918, 937 (D.C. Cir. 2003)).  The Act prohibits disclosure "by any person in any proceeding," 28 U.S.C. § 360(a), and confers on the relevant Chief Judge the relevant discretion to make an exception, § 360(a)(3).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to unseal should be denied.

Respectfully submitted,

MARK R. FREEMAN
MELISSA N. PATTERSON

 /s/ Maxwell A. Baldi
MAXWELL A. BALDI
   Attorneys, Appellate Staff
   Civil Division, Room 7513
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Washington, D.C.  20530
   (202) 532-0211
   maxwell.baldi@usdoj.gov

December 2024

# CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,721 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Century Expanded BT 14-point font, a proportionally spaced typeface.

*/s/ Maxwell A. Baldi*
MAXWELL A. BALDI

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2024, I electronically filed a public redacted copy of the foregoing response with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

I further certify that on December 19, 2024, I caused to be filed the under-seal version of the foregoing response with the Clerk of Court for the United States Court of Appeals for the District of Columbia Circuit by hand delivery. Service of the under-seal version of the foregoing response will be accomplished by mail upon:

> Gregory Dolin
> John J. Vecchione
> Andrew Morris
> Mark Chenoweth
> NEW CIVIL LIBERTIES ALLIANCE
> 4250 N. Fairfax Drive, Suite 300
> Arlington, VA 22203.

*/s/ Maxwell A. Baldi*
MAXWELL A. BALDI

# ADDENDUM

**TABLE OF CONTENTS**

Email from Melissa  Patterson, U.S. Department of Justice, to
    Gregory Dolin, New Civil Liberties Alliance (Dec. 2, 2024)... Add. 1

Email from Gregory Dolin to Melissa Patterson (Dec. 2, 2024)...... Add. 2

Email from Melissa Patterson to Gregory Dolin (Dec. 3, 2024)...... Add. 3

Email from Gregory Dolin to Melissa Patterson (Dec. 3, 2024)...... Add. 4

Email from Melissa Patterson to Gregory Dolin (Dec. 4, 2024)...... Add. 5

Dear Mr. Dolin,

We understand from our clients that you have indicated that you would like to put certain sealed documents (including recent filings and orders) in front of the D.C. Circuit in connection with Judge Newman's appeal and to cite those materials in your brief due this Thursday. So long as those documents remain sealed by the Special Committee, appellees object to any public disclosure of them. It is unclear what relevance these extra-record documents have to the appeal, and we reserve our ability to object to the D.C. Circuit's consideration of them. If you nonetheless intend to file these documents in the D.C. Circuit, please confirm as soon as possible that you will file them under seal, along with ensuring appropriate redactions to a publicly available version of your brief to protect the confidential nature and existence of these documents. *See* D.C. Circuit Rule 47.1(a) ("Parties and their counsel are responsible for assuring that materials under seal remain under seal and are not publicly disclosed."). If you plan to file these documents in the D.C. Circuit but object to doing so under seal, please let us know as much at least 48 hours in advance of your filing, so that we can take appropriate steps to put the question before the D.C. Circuit.

Regards,
Melissa


Melissa Patterson
Assistant Director, Civil Appellate Staff
U.S. Department of Justice

| From: | Greg Dolin |
| --- | --- |
| To: | Patterson, Melissa (CIV); Andrew Morris; John Vecchione |
| Cc: | Freeman, Mark (CIV); Baldi, Maxwell (CIV) |
| Subject: | [EXTERNAL] Re: Sealed documents in Newman v. Moore, No. 24-5173 (D.C. Cir.) |
| Date: | Monday, December 2, 2024 5:45:53 PM |

Dear Melissa:

I appreciate your email.  On our end, we do not understand why these documents are still being kept under seal, despite our *repeated* requests under Rule 23(b)(7) for public release. None of the documents mention any witnesses, complainants, or other individuals whose identity needs to be protected.  The only matters that need to be redacted are references to Judge Newman's medical records, and we have provided those redactions.  It seems to us that the easiest solution to this problem is for your clients to release these documents as they are *required* to do under the rules.

Should your clients fails to release the documents, we will be filing them in the DC Circuit, in redacted form.  Again, since the only issues that need redactions are the specific references to Judge Newman's medical records, we do not believe that filing unredacted copies under seal is necessary, but if it is necessary, we will do so.

In all other respects, we object to sealing these documents or redacting our briefs to obscure from the public's review the very mention of these documents' existence.

Best regards,

Gregory Dolin


Sent from my T-Mobile 5G Device
Get Outlook for Android

**Add. 2**

**From:** Patterson, Melissa (CIV)
**To:** Greg Dolin; Andrew Morris; John Vecchione
**Cc:** Freeman, Mark (CIV); Baldi, Maxwell (CIV)
**Subject:** RE: Sealed documents in Newman v. Moore, No. 24-5173 (D.C. Cir.)
**Date:** Tuesday, December 3, 2024 3:01:14 PM

Dear Mr. Dolin,

Thank you for your prompt response.  We understand you disagree with the sealing order, but the documents remain under seal in the Judicial Council proceeding; you have the option to file (and refer to) the documents under seal in the D.C. Circuit, but you may not unilaterally deem them unsealed or decide on appropriate redactions.  If the Special Committee later lifts the seal in whole or part, we will then consider any motion you might decide to make under D.C. Circuit Rule 47.1(c), which permits parties to file a motion to unseal filings.

Regards,
Melissa


Melissa Patterson
Assistant Director, Civil Appellate Staff
U.S. Department of Justice

| | |
|---|---|
| **From:** | Greg Dolin |
| **To:** | Patterson, Melissa (CIV); Andrew Morris; John Vecchione |
| **Cc:** | Freeman, Mark (CIV); Baldi, Maxwell (CIV) |
| **Subject:** | [EXTERNAL] Re: Sealed documents in Newman v. Moore, No. 24-5173 (D.C. Cir.) |
| **Date:** | Tuesday, December 3, 2024 3:27:38 PM |

Dear Ms. Patterson:

Thank you for your email. While I understand that you are simply doing your job representing your client, I must express my profound disappointment in how this matter has been handled. As an initial matter, providing notification to your clients was entirely an act of courtesy on our part. We could have simply proceeded to litigate this matter as we had seen fit. But we chose not to take that conformational approach.

Next, when yesterday you asked for my quick response so as to permit you an opportunity to bring the matter up with the DC Circuit, I extended you the courtesy of providing it instead of just proceeding as I indicated I would. In turn, in lieu of proceeding as you indicated you would, your client simply entered another order forbidding us to litigate the matter as we believe appropriate and threatening us with sanctions if we do not comply (though it is not even clear what sanctions could the committee--an administrative and not a judicial body--is authorized to levy).

Making matters worse, today's order is entirely unlawful. First, it contradicts the clear language of 28 USC 306(a)(3) which permits release of any and all materials with the consent of the subject judge. That section leaves no role for the chief judge. Rule 23(b)(7) does leave a role for the chief judge, but only to protect identity of the witnesses and not to avoid any kind of "misleading public impression," or to "provide appropriate context.". Your client, Chief Judge Moore, appears to have made up these considerations from whole cloth.

I would also be remiss were I failed to point out that your clients are acting in exceedingly bad faith. Having secured our dismissal of First Amendment claims in our original complaint by promptly releasing documents, your clients have reverted to stonewalling and unseemly gamesmanship. Frankly, such behavior is beneath their station as federal judges, and would result in sanctions were it engaged in by any other litigant.

We shall proceed with all of the above in mind.

Best regards,

Greg Dolin


Sent from my T-Mobile 5G Device
Get Outlook for Android

Dear Mr. Dolin,

In the D.C. Circuit, parties may not file sealed materials publicly. We understand that you disagree about whether and on what timeline certain materials should be unsealed. As matters stand, however, those materials "shall not be disclosed by any person in any proceeding" under the plain terms of 28 U.S.C. 360(a). You have pointed to Section 360(a)(3), but that provision requires that you receive "authoriz[ation] in writing . . . <u>by the chief judge of the circuit</u>, the Chief Justice, or the chairman of the standing committee established under section 331" prior to any disclosure. 28 U.S.C. 360(a)(3) (emphasis added). You do not have that authorization, the materials are currently still sealed, and you thus cannot file the materials on the public docket of the D.C. Circuit. If you wish to file sealed documents in the D.C. Circuit in support of your appeal, you may do so (reserving our right to object on relevance or other grounds), but you must comply with the D.C. Circuit rules regarding sealed material. *See* D.C. Circuit Rule 47.1.

Per our email exchange in July and your filing in the D.C. Circuit of August 16, we have already agreed on the contents of the Joint Appendix due with your brief tomorrow. We do not consent to the inclusion of any sealed materials—or any other materials beyond those on which we previously agreed—in that joint filing. To the extent that you intend to file other materials in the D.C. Circuit, please make sure they are submitted to the court in a supplemental filing on behalf of appellant alone.

Regards,

Melissa Patterson
Assistant Director, Civil Appellate Staff
U.S. Department of Justice