<u>Oral Argument Not Yet Scheduled</u>
# IN THE UNITED STATES
# COURT OF APPEALS FOR THE
# DISTRICT OF COLUMBIA CIRCUIT

THE HON. PAULINE NEWMAN,
Circuit Judge,
United States Court of Appeals
for the Federal Circuit,

      *Appellant*,

  v.

THE HON. KIMBERLY A. MOORE,
in her official capacities as
Chief Judge of the U.S. Court of Appeals
for the Federal Circuit,
Chair of the Judicial Council of the Federal Circuit, and Chair of the Special Committee of the Judicial Council of the Federal Circuit,

THE HON. SHARON PROST,
in her official capacity as
Member of the Special Committee of the
Judicial Council of the Federal Circuit,

THE HON. RICHARD G. TARANTO,
in his official capacity as
Member of the Special Committee of the
Judicial Council of the Federal Circuit,

And

THE JUDICIAL COUNCIL OF THE
FEDERAL CIRCUIT,
AND ALL MEMBERS THEREOF,

      *Appellees*.

NO. 24-5173

**REPLY IN SUPPORT OF MOTION TO UNSEAL**

## INTRODUCTION

Judge Newman seeks nothing more than having this case be processed like any other matter—publicly. She seeks the unsealing of documents that have no business being sealed in the first place for they contain no names of confidential witness, no national security information, no trade secrets, nor any other material that is traditionally subject to sealing.

Appellees do not dispute any of the above facts and instead assert, *ipse dixit*, that if these documents are released to the public in an order and manner not maximally advantageous to Appellees' interests, "the integrity of the process" is somehow compromised. Appellees do not provide any factual or legal argument in support of their assertions, nor do they explain how or why sealing these documents *in toto* would advance the stated goals.

Because Appellees fail to advance a reasoned argument or to meet the minimum showing for sealing in this Circuit, the Court should reject their position and grant Judge Newman's motion.

# ARGUMENT

As an initial matter, this Court should reject out of hand the improper suggestion that this issue is a matter of decisions made by "another circuit's Article III judges." Opp.3. Appellees are not "a court," but participants in an agency process. *See In re Complaint of Judicial Misconduct*, C.C.D. 23-01, at 16 (Jud. Conf. Feb. 7, 2024). That is why Appellees are mistaken when they go so far as to inform this Court that it "lacks the authority to unseal confidential JC&D records in these circumstances," because only "a court may lift a seal that it has itself imposed." Opp.16.

On the merits, the Appellees do not even pretend to argue that the sealed documents meet this Court's ordinary standard for sealing. Instead, they argue that sealing is *required* by 28 U.S.C. § 360(a) and Rule 23 of the Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Conduct Rules"). Appellees are mistaken both because this Court's precedents governing sealing of materials apply to all circumstances without exception, and because neither the cited statute nor the Conduct Rules require sealing. To the contrary, this Court's precedents, the clear language of Rule 23, and the Conduct Rules themselves all require full release of the currently sealed documents.

3

I.

For Appellees to prevail, they must show that 28 U.S.C. § 360(a) or Rule 23 *requires* this Court to place the documents under seal. They do not carry that burden. This failure is not surprising, because Rule 23 mandates that the documents be disclosed. It does not permit the Chief Judge, who not coincidentally is a defendant in this litigation, to keep them from the public despite Judge Newman's request to disclose them.

Under 28 U.S.C. § 360, "all papers, documents, and records of proceedings related to [judicial misconduct] investigations … shall be confidential," unless "disclosure is authorized in writing by the judge who is the subject of the complaint and by the chief judge of the circuit." 28 U.S.C. § 360(a)(3). Contrary to Appellees' assertion, *see* Opp.11, this provision does not vest a chief judge with absolute and unconstrained discretion. Like any other agency, judicial councils (and chief judges acting as heads of judicial councils) may not exercise power in an arbitrary and capricious manner. *See, e.g.*, 5 U.S.C. § 706. Rule 23(b)(7), which Appellees agree governs unsealing of documents in judicial disciplinary cases, *see* Opp.11, ensures that a chief judge's power is appropriately constrained. Specifically, the Commentary to Rule 23 states that "[o]nce

4

the subject judge has consented to the disclosure of confidential materials related to a complaint, the chief judge ordinarily will refuse consent *only* to the extent necessary to protect the confidentiality interests of the complainant or of witnesses who have testified in investigatory proceedings or who have provided information." R. 23(b)(7) (Commentary) (emphasis added). Appellees contend that the qualifier "ordinarily" grants a chief judge unfettered discretion to keep documents under seal. But that is not the meaning of the word "ordinarily." Had the drafters of the Conduct Rules intended to vest unlimited discretion in a chief judge, they would have said so. For example, the Commentary could have said that "once the subject judge has consented to the disclosure of confidential materials related to a complaint, the chief judge ~~ordinarily~~ will, *in her sole discretion, determine whether to grant the request*." The drafters of the Conduct Rules did not choose to adopt such a language. Instead, the clear import of the language used is that chief judge may refuse consent only in highly unusual or extraordinary circumstances. Appellees have not even *attempted* to identify any such circumstances and simply keep citing "integrity of the process" as a mantra.

> **Commented [MC1]:** Consider whether you think "shibboleth" would be better than "mantra" here.

The bottom line is that once the subject judge consents to release of

5

materials, a chief judge *must* disclose unless she has a specific, factually-supported reason to take the extraordinary step of keeping the documents under seal. In short, the application of this rule is not a matter of agency "discretion." To the contrary, it is the Appellees' burden to overcome this "ordinarily" requirement, and Appellees provide no legally recognized basis, nor any facts, that meet that burden. Appellees never identify a reason this is an extraordinary case. This failure is dispositive and should end this matter.

Instead of attempting to justify sealing the information based on the text of the statute, Appellees provide pages of word salad. The primary reasons they give for keeping the Supplemental Appendix documents under seal are: (1) "ensuring the fairness and integrity of the investigative process," Opp.2; and (2) avoiding "skewed public disclosures," Opp.4 n.2; *id*. at 12. These reasons lack any factual basis and smack of pure pretext. Despite their persistent repetition of words such as "fairness" and "integrity," Appellees never say why it would cause the slightest harm to disclose filings as parties make them (as usually happens in litigation), rather than in selective batches when Appellees decide disclosure or the timing of such disclosure works to their advantage.

Appellees' suggestion—but notably not a binding commitment—that they will release the documents themselves in "a matter of weeks," Opp.3, cuts against them. They do not explain why these additional weeks are needed, what needs to be accomplished during these weeks, nor how this delay will improve "the fairness and integrity of the investigative process." The only thing that Appellees state is that "in a matter of weeks" there will be a "coherent batch" (as defined solely by Chief Judge Moore) to be released.[1]  *See* Opp.3.  But Rule 23 does not recognize the theory of "coherent batches"—that is, withholding documents and then releasing them only at the pleasure of the chief judge—as a permissible basis for refusing to make material public.

Appellees argue that judicial disciplinary proceedings "warrant a

---

[1] Besides, Appellees' claim that Chief Judge Moore always released documents in "coherent batches" is simply false.  After Judge Newman had withdrawn her First Amendment claims, the Special Committee began releasing documents on request.  It stopped doing so several months later without explanation.  Appellees then twice chose to release the Committee's Report and Recommendation without awaiting Judge Newman's response to that document.  At the same time, Appellees routinely withheld the release of Judge Newman's responses until the Judicial Council entered its final orders.  This self-serving practice betrays Appellees' true aim—more favorable press coverage.  Appellees' incomplete and misleading presentation of their own practices to this Court is yet another reason why the Court should not defer to Appellees' unreasoned decision to seal.

strong rule of confidentiality, not just in the interests of the subject judge, but for other reasons that include public confidence in the process for addressing the misconduct or disability issues raised about a member of the judiciary." Opp.4. As a general matter, Judge Newman does not disagree that maintenance of public confidence in judicial misconduct or disability proceedings may sometimes justify confidentiality requirements. But requirements of confidentiality are tethered to *specific* interests and concerns. Indeed, as Appellees *themselves* previously explained, these requirements exist to prevent a situation where "witnesses otherwise willing to speak candidly will decline to do so, in the knowledge that the media and others will pursue them to inquire whether they have in fact testified." Special Committee Order of May 16, 2023 at 4 (quoting *Kamasinski v. Judicial Review Council*, 44 F.3d 106, 111 (2d Cir. 1994)); *id.* at 5 ("Courts have found that confidentiality in judicial misconduct proceedings serves the important functions of: encouraging the filing of complaints; obtaining complete and candid testimony; and increasing cooperation with an investigation.") (quoting *Adams v. Committee on Judicial Conduct & Disability*, 165 F. Supp. 3d 911, 929 (N.D. Calif. 2016) (cleaned up)).

In that same May 16, 2023 Order, Appellees distinguished *McBryde v. Comm. to Rev. Cir. Council Conduct & Disability Ords. of Jud. Conf. of U.S.*, 83 F. Supp. 2d 135, 171-78 (D.D.C. 1999), *aff'd in part, vacated in part*, 264 F.3d 52 (D.C. Cir. 2001), on the ground that the "interest in *shielding witnesses from publicity* and encouraging complainants to come forward in the future" had no relevance to cases where proceedings have concluded. May 16 Order at 7. Because Appellees themselves had concluded that the investigation into Judge Newman had "reach[ed] the stage at which there is a diminished concern that public disclosures will discourage witnesses from volunteering information … [because] most employees who may have relevant information have likely already come forward," *id.* at 10-11, the requirements of confidentiality can no longer be justified on the basis previously advanced by Appellees.

While there are additional reasons for confidentiality requirements—protecting the reputation of individual judges who are subject to a complaint which may prove to be non-meritorious or "encouraging infirm or incompetent judges to step down voluntarily," *see Kamasinski*, 44 F.3d at 111, these concerns are inapplicable here. After all, it is Judge Newman herself who seeks to publicize the process. And

9

Judge Newman has made it clear that she is not going to step down in the face of baseless allegations of incompetence emanating from Chief Judge Moore, which have been repeatedly refuted by scientific evidence.

It thus appears that Appellees' true concern is merely controlling the media narrative. Appellees have previously complained that "Judge Newman and her counsel have aggressively sought to discredit this entire process by trying their case in the press." Judicial Council Order of Sept. 20, 2023 at 2. *See* also May 16 Order at 11 ("Inaccurate and distorted information about this proceeding has already been the subject of public discussion."). Appellees' own admission that they plan to release the documents "in a matter of weeks" gives away the game. If release "in a matter of weeks" will not "undermine the integrity of the process," then neither will release *now*. Appellees suggest that the *seriatim* release of information will result in "skewed public disclosures." Opp.8. However, it is hard to understand how full release of relevant documents (perhaps redacting only Judge Newman's medical information that is irrelevant to the issues being investigated) would "skew" anything. As Judge Newman explained in her original motion, to the extent that Appellees believe that the release of *their own orders* will somehow "skew" the public opinion, the

10

solution is not secrecy, but better and more legally justifiable orders.

The only explanation for their refusal to release the documents already is that Appellees hope that when their "batched" release occurs, the press will focus on the latest order and not on the arguments advanced by Judge Newman. However, the desire to control a media narrative or dissatisfaction with media reports and portrayals is not a sufficient reason to impose secrecy on litigation-related documents.

## II.

Appellees are equally unable to carry their burden under the *Hubbard* factors, which govern whether documents can be placed under seal in this Court. Appellees do not attempt to argue that they can meet their burden under these factors. Instead, they contend the factors do not apply. Indeed, the thrust of the arguments Appellees do make consistently points in a direction exactly opposite that of the *Hubbard* factors. It is precisely because of the strong public interest in this case—the first *Hubbard* factor—that Appellees want to do the opposite, by keeping the material under seal until it is in their interest to disclose it.

Instead of arguing that they can meet their burden under *Hubbard*, Appellees argue that *Hubbard* does not apply here. That argument,

11

however, rests on a fundamental misunderstanding of the posture of this Motion to Unseal. As noted above, the issue is whether 28 U.S.C. § 360(a) or Rule 23(b)(7), in light of *Hubbard*, requires this Court to seal the filings at issue. Appellees argue that usually sealing or unsealing materials is part of a court's exercise of its inherent authority, but such exercise has no place where an express rule governs the matter. Opp at 15. As explained *ante*, the "express rule" on which Appellees rely actually favors Judge Newman's position and not that of the Appellees. Thus, whether this Court chooses to apply the *Hubbard* factors or the plain language of Rule 23(b)(7), the result is the same—the Supplemental Appendix should be unsealed.

## III.

Appellees' remaining arguments are unpersuasive and misplaced. First, Appellees make two mistaken arguments: that materials in the Supplemental Appendix are irrelevant to the appeal as they post-date the decision under review and thus are not part of the record. These documents (much like the order renewing Judge Newman's suspension for the second year, which also post-dates the District Court's decision) are subject to judicial notice and thus need not be part of the record below. *See*

12

Fed. R. Evid. 201. Next, these documents are relevant to Judge Newman's argument that she has been denied due process. Specifically, Appellees' ever-changing and ever-expanding demands for Judge Newman's medical records—records that have *nothing to do* with the issue being investigated by the Special Committee—brightly illustrate the problems with the process to which the Special Committee has subjected Judge Newman. *See* SA30-45 (describing and objecting to unjustifiable expansion of Committee's request for irrelevant medical records).

Appellees' accusations that Judge Newman is "being selective about disclosure," Opp.4 n.2, or that she is attempting to secure "ad hoc or piecemeal" disclosure, Opp.7, are equally misplaced. Judge Newman has consistently sought immediate and routine (rather than *ad hoc*) disclosure of all activity in this matter. Appellees' complaint that the sealed appendix omits Dr. Filler's Report is baffling, as that report is a publicly available document and has been cited in Judge Newman's principal brief. Op.Br.2, 15.[2]

---

[2] The documents that Appellees included in their Sealed Supplemental Appendix are irrelevant now because at issue is not whether Judge Newman is able or unable to perform her duties, but the *process* and the *sanction* imposed on her. Thus, Dr. Filler's preliminary notes or other documents are simply irrelevant to any question before this Court.

13

Appellees are simply wrong in contending that forcing Judge Newman to file the documents under seal does not affect her ability to properly litigate matters in this Court. Several organizations and individuals filed *amicus curiae* briefs in support of Judge Newman's position. These briefs argued, *inter alia*, that the proceedings against Judge Newman do not comply with due process requirements. These *amici* would have been able to make an even more informed and persuasive argument on this point had they had access to the sealed documents—documents which illustrate the extraordinary, unlawful lengths to which the Appellees have gone in order to keep Judge Pauline Newman off the bench.

## CONCLUSION

The motion to unseal should be granted.

14

Respectfully submitted,

*/s/ John J. Vecchione*

John J. Vecchione
Senior Litigation Counsel
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
john.vecchione@ncla.legal

*Counsel for Appellant*

**CERTIFICATE OF COMPLIANCE**

This reply brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 2,584 words. This brief also complies with the typeface and type-style requirements of the Federal Rule of Appellate Procedure because it was prepared using Microsoft Word in Century Schoolbook 14-point font, a proportionally spaced typeface.

/s/ *John J. Vecchione*
John J. Vecchione

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing all registered users associated with this case.

*/s/John J. Vecchione*
John J. Vecchione