≥⁄≤ **New Civil Liberties Alliance**

December 26, 2024

Mark Langer
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave., NW
Washington, DC 20001

VIA CM/ECF

*Re: Newman v. Moore*, No. 24-5173; Rule 28(j) Letter

Dear Mr. Langer:

Judge Newman submits this letter under Federal Rule of Appellate Procedure 28(j) in order to bring to the Court's attention pertinent legal authorities that have come to light after Judge Newman filed her Opening Brief.

A disciplinary complaint was recently filed against Judge Stephen Vaden of the Court of International Trade ("CIT"). The CIT is similar to the U.S. Court of Appeals for the Federal Circuit because both are "national" courts, and the judicial council of each court consists solely of judges of those respective courts. *See* 28 U.S.C. § 363. When the Chief Judge of the CIT declined to dismiss the complaint against Judge Vaden, rather than investigate the complaint against his own colleague, he requested a transfer of that matter to a judicial council of another circuit. *See* First Liberty, *Federal Judge, Stephen Vaden, Faces Disciplinary Action After Convicted Terrorist Files Complaint*, https://tinyurl.com/36ex8syy. This transfer is consistent with the

practice of all other circuit courts and is inconsistent with the actions of Defendants-Appellees herein.

Similarly, when a complaint was recently filed against Judge Michael A. Ponsor of the United States District Court for the District of Massachusetts, given the small size of the First Circuit's judicial council and extraordinary familiarity that all members have with one another, the complaint was also transferred out of the circuit. *See In the Matter of a Judicial Complaint*, No. 04-24-90094 (Chief Judge of the Fourth Circuit, Dec. 10, 2024), https://tinyurl.com/373wv7zr. Again, these examples illustrate that in all other cases where even the *appearance* of conflict of interest may have arisen, the matter has always been transferred to another circuit court's judicial council.

These two matters further support Judge Newman's argument that the failure to transfer in her case, where all actors know each other too well, has denied her due process of law.

I would appreciate your circulating this letter to the members of the Court.

Respectfully submitted,

/s/ *Gregory Dolin*

Senior Litigation Counsel
NEW CIVIL LIBERTIES ALLIANCE

## **CERTIFICATE OF COMPLIANCE**

This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 317 words.  The letter also complies with the typeface and type-style requirements of the Federal Rule of Appellate Procedure because it was prepared using Microsoft Word in Century Schoolbook 14-point font, a proportionally spaced typeface.

/s/ *Gregory Dolin*
Gregory Dolin

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users associated with this case.

/s/ *Gregory Dolin*

Gregory Dolin