ORAL ARGUMENT NOT YET SCHEDULED
NO. 24-5173

# In the United States Court of Appeals
# for the D.C. Circuit

HON. PAULINE NEWMAN,

Plaintiff-Appellant

v.

HON. KIMBERLY MOORE, in her official capacities as Chief Judge of the
U.S. Court of Appeals for the Federal Circuit, and Chair of the Special
Committee of the Judicial Council of the Federal Circuit;
HON. SHARON PROST, in her official capacity as Member of the
Special Committee of the Judicial Council of the Federal Circuit;
HON. RICHARD TARANTO, in his official capacity as Member of the
Special Committee of the Judicial Council of the Federal Circuit;
and JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND
ALL MEMBERS THEREOF, in their official capacities,

Defendants-Appellees.

On Appeal from the United States District Court
For the District of Columbia,
No. 23-cv-01334-CRC; Hon. Christopher R. Cooper

UNDER MOTION FOR LEAVE TO FILE
BRIEF OF PROBIR KUMAR BONDYOPADHYAY, Ph.D.
AS AMICUS CURIAE IN SUPPORT OF AFFIRMATION
AFTER ADDRESSING CONSTITUTIONAL ISSUES FIRST

*PKBondyopadhyay* January 22, 2025
Probir Kumar Bondyopadhyay, Ph.D. *Pro Se.*
Original Article 1 Creature of the U.S. Constitution
15059 Caseta Drive, No. 3313
Houston, Texas 77082 U.S.A.
832-758-6514
dr.bondy@gmail.com

January 22, 2025

# MOTION FOR LEAVE TO FILE
## Under Circuit Rule 29(b)

**1.** This motion for leave to participate as amicus curiae is filed to present the most important disclosure statement to this Honorable U.S. Court of Appeals for the D.C. Circuit (USCA Case No. 24-5173) for immediate attention.

**2.** Incontrovertible evidence of bad behavior of this Plaintiff-Appellant (this case No. 24-5173) arising out of cognitive degeneration exist in the public domain as judicial record of the CAFC (Court of Appeals for the Federal Circuit) since September 7, 2018 [CAFC case Docket #18-1674, National Index 0:2018cvus01674, Document No. 32]

**3.** This amicus curiae, a U.S. Citizen, is the sole inventor and sole owner of the U.S. Patents 6, 292,134 and 11, 296,408 and is an original Article 1 creature of the U.S. Constitution established by Title 28 USC Section 1338(a) in the U.S. District Court, SDTX Houston, [case 4:13-cv-01914] on October 23, 2013 under Section 8, Clause 8 read in conjunction with Title 35 USC Section 100(d).

**4.** These two U.S. patents (U.S. 6, 292,134 and U.S. 11, 296,408) are very large system architecture patents (all electronic scanning Phased Array Radar and Communication Systems) with dedicated applications (detection and tracking) in defense of the United States against hypersonic ballistic missiles as well as in

i

modernization of U.S. Air Force Satellite Control Networks (AFSCN), etc.

**5.** Cognitive degeneration in this Plaintiff-Appellant (Hon. Pauline Newman) is so severe and damaging that this Plaintiff-Appellant can not recognize that Promoting Progress of Science is an Article 1 U.S. CONSTITUTIONAL ORDER and the Defendant-Appellee in the CAFC case #18-1674 is the U.S.A. and the applicable law there, Title 28 USC Section 1498(a), is a *Constitution Law,* on which Title 28 USC Section 2501 can NOT put restrictions when the U.S. patent is live and active.

**6.** Open judicial records of the CAFC easily available and accessible to the public, confirm that the Plaintiff-Appellant Pauline Newman (the Honorable CAFC judge - a derivative creature of Article III Section 1 of the U.S. Constitution) is currently in the present situation for failure to honor, preserve and defend the U.S. Constitution.

**7.** The details are presented and analyzed in this amicus curiae brief. John 8.32 directs this amicus curiae to submit that this amicus curiae should be able to participate in the needed oral arguments.

Respectfully submitted,

*(signature)* , January 22, 2025

Probir Kumar Bondyopadhyay, Ph.D. *Pro Se*
Original Article 1 Creature of the U.S. Constitution
15059 Caseta Drive, No. 3313
Houston, Texas 77082 U.S.A.
832-758-6514

January 22, 2025                dr.bondy@gmail.com

ii

# TABLE OF CONTENTS

Page

MOTION FOR LEAVE TO FILE ……………………..……......……… i

TABLE OF AUTHORITIES, STATUTES ……….…………..….…….…iv

GLOSSARY………………………………………………..……………..v

INTEREST OF AMICUS CURIAE ………………….…..…….…………1

ORIGIN OF THIS USCA CASE (#24-5173)……………….…..…..……2

SUMMARY OF ARGUMENT…………… …………………………….…3

ARGUMENT………………………………………………………….……4

The Incontrovertible Evidence of Cognitive Deterioration in
Plaintiff-Appellant Hon. Pauline Newman……………………..…………4

Evidence on the Facts…………………..…………..………...…….……....5

Evidence on the Law………………………………………………….…8

Evidence on the Opinion and Judgment………………………………......10

The Chutzpah……………..,,.…………………………………...…………12

CONCLUSION………………..,,.………………………..…………13

CERTFICATE OF COMPLIANCE…………………..…….……....…15

CERTIFICATE OF SERVICE……………………………......…….…....15

APPENDIX
Pictures of the twelve-year old Fetus and its Gestation Period……………16

## 2. TABLE OF AUTHORITIES, STATUTES

Page

1.  **JOHN 8.32**……………………………………………......ii,1

2.  Bondyopadhyay v. U.S. Secretary of Defense et.al.
    U.S. District Court Case 4:13-cv-01914…………………..…2,5,6,7,11,12

3.  Bondyopadhyay v. USA
    U.S. Court of Federal Claims Case 1:14-cv-00147-MCW ……….…..2,3,4

4.  Bondyopadhyay v. USA
    U.S. Court of Appeals for the Federal Circuit Case 0: 2018cvus01674
    (**Newman**, O'Malley and Chen)…………………………1,2,3,4,5,8,9,10,14

5.  Bondyopadhyay v. U.S. Secretary of Defense.
    U.S. District Court Case 4:18-cv-03822 …………………………v,4,11

6.  Bondyopadhyay v. USA
    U.S. Court of Federal Claims Case 1:19-cv-01831-MBH…………….v,4,11

7.  Bondyopadhyay v. U.S. Attorney General Barr
    U.S. District Court Case 4:20-cv-02536…………………………...v,11

8.  Bondyopadhyay v. USA
    U.S. Court of Appeals for the Federal Circuit Case 0: 2020cvus02091...v,11

9.  Bondyopadhyay v. USA
    U.S. Supreme Court Writ of Certiorari Petition (Case 21-249)………...v,11

10. Bondyopadhyay v. U.S.A.
    U.S. District Court Case 4:22-cv-02204…………………………..…v,11

11. Bondyopadhyay v. USA
    U.S. Court of Appeals for the Federal Circuit Case 0:2022cvus02155...v,11

12. Bondyopadhyay v. USA
    U.S. Supreme Court Writ of Certiorari Petition (Case 23-190)………...v,11

**STATUTES**

1. Article 1 Section 8 Clause 8 of the U.S. Constitution...........................i,8

2. Title 28  USC Section 1498(a).......................................I,5,6,8,9,13,14

3.  Title 28  USC Section 2501...............................................i,9,12,14

4. Title 28  USC Section 1338(a)..............................................i,6,7,11

5.  Title 35 USC Section 100(d) and (f)................................. ........i,8,9

**GLOSSARY**

USCFC   The Honorable U.S. Court of Federal Claims
        A derivative creature of Article I Section 8 Clause 9
        of the U.S. Constitution (100% Civil)

CAFC    The Honorable U.S. Court of Appeals for the Federal Circuit
        A derivative creature of Article III Section 1
        of the U.S. Constitution (100% Civil)

USDC    The Honorable U.S. District Court
        A derivative creature of Article III Section 1
        of the U.S. Constitution (**NOT** 100% Civil)

CADC    The Honorable U.S. Court of Appeals for the D.C. Circuit
        A derivative creature of Article III Section 1
        of the U.S. Constitution (**NOT** 100% Civil)

---

Note: Item Numbers 5 through 9 in the Table of Authorities represent *second* Kick of the Mule [Title 28 USC Section 1338(a)]. Item Numbers 10 through 12 in the Table of Authorities represent *third* Kick of the Mule [Title 28 USC Section 1338(a)].

v

**INTEREST OF AMICUS CURIAE**

The interest of this Amicus Curiae is to honor preserve and defend the U.S. Constitution with inspiration from and under the guidance of John 8.32.

Promoting Progress of Science is an Article 1 U.S. Constitutional Order established in the beginning of the United States of America. Failure to recognize this and corrupting the Constitutional Law: Title 28 USC Section 1498(a) with the newly introduced fraudulent Doctrine of Equivalence are jeopardizing the security of the United States when the patented inventions are a very large system architecture patents for the defense of the United States against hypersonic ballistic missiles, modernization of U.S. Air Force Satellite Control Network (AFSCN) etc.

Three Affidavits are needed to resolve this case [CADC Case #24-5173]. These are needed to be obtained from (i) the attorney representing CAFC Judge Pauline Newman, the Plaintiff-Appellant, (ii). the attorney representing CAFC Chief Judge Kimberly A. Moore and the CAFC Judicial Council, and (iii) the attorney Richard A. Samp (D.C. Bar # 367194) representing a bunch of *amici curiae*.

This amicus curiae brief is submitted to bring immediate attention of this honorable court (CADC) on the origin and dynamics of this *bizarre* case (#24-5173) arising out of *severe cognitive degeneracy in Hon. Judge Newman* exhibited in the bad Opinion and Judgment of September 7, 2018 in the CAFC case (# 18-1674).

1

## ORIGIN OF THE USCA CASE (#24-5173)

This case # 24-5173 currently pending before the U.S. Court of Appeals for the D.C. Circuit (USCA) has its origin in the bad OPINION and JUDGMENT filed on 09/07/2018 at the U.S. Court of Appeals for the Federal Circuit (CAFC) Case # 18-1674 (Docketed 03/13/2018 and Termed 09/07/2018). The details are as follows:

> Court of Appeals (CAFC) Docket No.18-1674
> Nature of Suit 508 Patent
> Bondyopadhyay v. US
> Appeal from: United States Court of Federal Claims
> District: 1 14-1: 1:14-cv-00147-MCW
> Trial Judge: Mary Ellen Coster Williams
> Date NOA filed: 03/08/2018

The above U.S. Federal Claims Court case, in turn, originated from the U.S. District Court Case 4:13-cv-01914 in SDTX, Houston **which verified the existence of the Federal Constitutional Claim arising out of U.S. Secretary of Defense's** *admission of unauthorized use* **of the U.S. Patent 6,292,134 for a defined definite time period under Title 28 USC Section 1338(a).**

> U.S. District Court, SDTX, Houston Docket No.4:13-cv-01914
> Bondyopadhyay v. U.S. Secretary of Defense et al
> Docket Document 43, October 23, 2013
> Trial Judge: Senior U.S. District Judge David Hittner

2

# SUMMARY OF ARGUMENT

Incontrovertible strong direct evidence of severe cognitive degeneracy in CAFC Judge Pauline Newman **remain captured in the public domain judicial records** of CAFC Case # 18-1674 (OPINION and JUDGMENT, Docket Document 32 of September 7, 2018), and are brought to the immediate attention of this Honorable U.S. Appeals Court (CADC) exhibiting bad behavior and disobeying of the Article 1 U.S. Constitutional Order.

Three separate affidavits are needed to *expose the whole truth and nothing but the truth regarding cognitive degeneracy in Hon. Judge Pauline Newman.* The questions to be answered in the Affidavits are: (i) who *precisely* wrote the Opinion and Judgment docketed on 09/07/2018 as item No. 32 in the said CAFC Case No. 18-1674? (ii). *Precisely on what date and time* this Opinion and Judgment write-up of the said CAFC Case No. 18-1674 was given to CAFC Judge Hon. Raymond Tsong-he Chen, a member of the CAFC Judicial Council that suspended Judge Newman? And (iii). *Was the case in the following reference:*

Warner-Jenkinson Co., 520 US at 21
[Referred to in Case 1:14-cv-00147-MCW, Document 232, Filed 02/09/18 Page 10. first paragraph, line 5 from the top]
*prosecuted under Title 28 USC Section 1498(a) in the USCFC or the CAFC?*

After the explanations the CONCLUSION details the Affidavits needed.

3

# ARGUMENT

## The Incontrovertible Evidence of Cognitive Degeneracy
## in Plaintiff-Appellant Hon. Pauline Newman

INTRODUCTION

At the center of this CADC case (# 24-5173) is the *fraudulent introduction* of the Doctrine of Equivalents by the USCFC on February 9, 2018 (and its subsequent affirmation by the CAFC on September 7, 2018) in the adjudication of the *U.S. Constitutional Law*: Title 28 USC Section 1498(a), together with failure and refusal to recognize USDC order of October 23, 2013 containing admission of *unauthorized use of the patented U.S. invention* (No. 6,292,134), resulting in the resignation of the U.S Secretary of the Air Force on March 11, 2019. CAFC Judge Pauline Newman, the leader of the three-member CAFC Panel No. 1809G as of July 20, 2018 is responsible for this.

Multiple instances of very serious cognitive degeneracy in CAFC judge Pauline Newman reflected (i) on the facts, (ii). on the applicable law, and (iii) on the administration of the Panel review are pointed out and discussed below. This cognitive degeneracy in CAFC Judge Pauline Newman is a threat to the security of the United States as it is obstructing promotion of progress of science by denying constitutionally guaranteed funds for research, design and development works on a patented invention dedicated for defense against hypersonic ballistic missile etc.

4

## Evidence of Cognitive Degeneracy on the Facts

Stated in plain English, Cognitive degeneracy in Judge Newman *is of such magnitude and depth* that after presenting a picture of the twelve years old fetus in page seven of the OPINION and JUDGMENT (see appendix in page 17), **Judge Newman FAILED to comprehend** that *if there is a twelve-year old fetus, there has to be a twelve-year old continuous pregnancy.*

The *fetus,* a very large system architecture patent for U.S. National Defense applications against hypersonic ballistic missiles etc. has a *gestation period* in excess of twenty-one (21) years as shown in appendix, page 17)

Again, Cognitive degeneracy in Judge Newman *is of such magnitude and depth* that after presenting a picture of the twelve years old fetus in page seven of the OPINION and JUDGMENT, **Judge Newman FAILED to comprehend** that twelve (12) year old fetus versus twenty-one (21) year-old, full term, fetus is **NOT** the issue. It is the *admitted UNAUTHORIZED pregnancy* that **IS** the issue in Title 28 USC Section 1498(a) – the applicable *Constitution Law* in the Claims Court case.

On page 2, the OPINION and JUDGMENT (CAFC Case #18-1674) stated:

*Before NEWMAN, O'MALLEY, and CHEN, Circuit Judges.*
*PER CURIAM*

*Because the Claims Court did not err in its claim construction or in its noninfringement analysis, we affirm.*

5

The Panel leader Judge Newman, **FAILED to read and comprehend** the FACT that before it went to the Claims Court *for the first time*, the Claim *was already established* by the U.S. District Court, SDTX Houston, on October 23, 2013 under Title 28 USC Section 1338(a), *by admission of the U.S. Secretary of Defense of unauthorized use* of the patented invention over a continuous period of 12 years 7 months and 15 days.

*The USCFC and CAFC will NOT acknowledge and honor this admission by the U.S. Secretary of Defense. This is an outrageous miscarriage of constitutional justice.*

Further in page 13 line 7 from the top, CAFC Judge Newman as 'We' stated:

---

*---- and because he has provided no argument why the apparatus infringed under the doctrine of equivalents, the Claims Court correctly granted summary judgment of noninfringement in favor of the government.*

---

The exclusive right for limited times does NOT apply to the Defendant USA and that is the very reason that Title 28 USC Section 1498(a), the direct Constitutional Law exists!  USDCs do <u>NOT</u> adjudicate patent related claims against the U.S.A.

**Judge Newman FAILED to comprehend** that Claims Court's *noninfringement analysis" **is wrong** in the case against USA – the serious intellectual failure of the USCFC Judge*.

6

Again, Judge Pauline Newman FAILED TO COMPREHEND that

*It is the unauthorized pregnancy and NOT the status of the fetus.*

Cognitively challenged Hon. Pauline Newman admits reading the U.S. District Court Order of October 23, 2013 [Case 4:13-cv-01914, SDTX, Houston, U.S. District Judge David Hittner], but FAILED to notice that the Honorable U.S. Secretary of Defense admitted unauthorized use of the patented U.S. invention 6,292,134. Cognitive degeneracy has already led to lack of professional integrity in Hon. Pauline Newman.

Financial claims against the USA, the government, can *only* be filed in the USCFC, the Claims Court and NOT in the U.S. District Court for the Southern District of Texas. The original trial court, the U.S. District Court, verified the existence of the Claim under Title 28 USC Section 1338(a) BEFORE approaching the Claims Court under Title 28 USC Section 1498(a).

The present Plaintiff -Appellant Hon. Pauline Newman (USCA case #24-5173) has **FAILED** to notice that the Defendant in the prior reference citation:

*Phillips,415 F.3d at 1312 (quoting Innova/Pure Water, Inc. v. Safari*

*Water Filtration Sys. Inc., 381 F3.d 1111,1115 (Fed. Cir.2004).*

is NOT the U.S.A and the U.S. Constitutional Law Title 28 USC Section 1498(a) did NOT apply there.

7

## Evidence of Cognitive Degeneracy on the Law

Promoting progress of science is a *U.S. Constitutional Order*. After a U.S. patent unauthorized use claim is established against the Defendant, USA, the next step is to seek the remedy at the USCFC under the *Constitution Law:* Title 28 USC Section 1498(a) which spells out the exact details. The funds, so obtained, go directly into design and development works on the patented invention in which the Defendant, USA has been demonstratively interested. That has been the case with respect to the CAFC case No. 18-1674. The patentee, in this case the original one of the first kind under Title 35 USC Section 100(d), has NO right to and *can NOT exclude when the Defendant is USA* and that is the very reason why this *Constitutional Law*: Title 28 USC Section 1498(a) exists as the constitutional remedy.

It is necessary to examine who the patentee Plaintiff precisely is, against the Defendant U.S.A under the said *U.S. Constitutional Law and Order*. Title 35 USC Section 100(d) and (f) define the patentee, *the owner of the U.S. Patent*, to be of two kinds. When the patentee is the original patentee, the individual U.S. Citizen inventor, *the established unauthorized use claim, the Jeffersonian Claim, is a fundamental right of the U.S. Citizen patentee* under Article 1, Section 8 Clause 8. The U.S. Citizen *inventor* is a U.S constitutionally recognized, defined and revered Article 1 term at the time of the creation of the United States of America.

8

Whereas, the patentee of the second kind, the successor patentee, individuals or organizations or business entities are NOT constitutionally recognized by Article 1.

*There is a distinction to be made.*

But in Page 8, third paragraph of the CAFC Case 18-1674 OPINION and JUDGMENT, the following is stated:

*It is a "bedrock principle" of patent law that "the claims of a patent define the invention to which the patentee is entitled the right to exclude."*

When the Defendant is the U.S.A., the patentee does **NOT** have the *'right to exclude'* U.S.A. **That is the very reason why the Constitutional Law Title 28 USC Section 1498(a) exists as the constitutional remedy.**

In another example, page 5, last paragraph, it is stated:

---

*On March 20, 2015, the Claims Court dismissed all of Dr. Bondyopadhyay's non patent claims and dismissed his patent infringement claim to the extent it was premised on acts occurring on or before January 11, 2008, in light of the applicable statute of limitations.[2]*

---

Once again, the *cognitive degeneracy* in CAFC Judge Newman *is so severe* that she **can not comprehend** that Title 28 USC Section 2501 can <u>NOT</u> put time restrictions on this *Constitutional Law* Title 28 USC Section 1498(a) *when the U.S. patent is live and active.* Apparently, the *per curiam* CAFC Judge Raymond Tsong-he Chen was asleep at the Wheel of Justice on September 7, 2018.

9

## Evidence of Cognitive Degeneracy on the Opinion and Judgment

The question remains, who actually wrote this 09/07/2018 OPINION and JUDGMENT, Nonprecedential *Per Curiam* Opinion, involving the Panel 1809G comprising of Newman, Circuit Judge; O-Malley, Circuit Judge; and Chen, Circuit Judge. The mysterious question is: on what date and time this CAFC case #18-1674 was actually submitted to the Panel Leader Honorable Pauline Newman and by whom! The CAFC Case Docket # 18-1674 entry (No. 24) of 07/20/2018 stated:

*NOTICE OF CALENDARING, Case scheduled: Sept. 06, 2018 10:00 a.m. at the United States Court of Appeal for the Federal Circuit (Howard T. Markey National Courts Building, 717 Madison Place, NW Washington, DC 20439) Court Room 201.*

Accordingly, the CAFC Case Docket # 18-1674 entry (No. 31) of 09/06/2018 stated:

*Submitted ON THE BRIEFS. Panel: Judge Newman, Judge O'Malley, Judge: Chen [JCP] {Entered: 09/06/2018 11:36AM]*

Then, the very next day, after just 21 hours and 32 minutes, the CAFC Case Docket # 18-1674 entry (No. 32) of 09/07/2018 stated

*OPINION and JUDGMENT filed [entered 09/07/2018: 09:08 AM].*

**When did these three judges actually read and discuss this per curiam OPINION and JUDGMENT?** Again, in Page 13, footnote 4, of the CAFC Case 18-1674, Document :32-1, Filed 09/07/2018, it is written:

10

---

*⁴ On July 31, 2018, the court received a document from Dr. Bondyopadhyay asking for his case to be resolved expeditiously. See Mot. To Expedite, No. 18-1674 (July 31, 2018), ECF No.29. Nothing in this document alters our view that the Claims Court correctly awarded summary judgment to the government. The motion is deemed as moot.*

---

Again, severely Cognitively Challenged Hon. Pauline Newman FAILED to comprehend that the Honorable U.S. Secretary of Defense *admitted* on October 23, 2013 in the U.S. District Court, SDTX, Houston, *UNAUTHORIZED USE* of the patent 6,292,134.

It is precisely these repeated failures and the suspicions that the two 'per curiam' CAFC judges Katherine McDonald O'Malley and Raymond Tsong-he Chen were asleep at the wheel of Justice on September 7, 2018, that the said OPINION and JUDGMENT in the CAFC Case 18-1674 *incurred the wrath* of Title 28 USC Section 1338(a). The ensemble comprising Table of Authorities items Nos. 5, 6, 7, 8 and 9 delivered the second kick of the mule to defend the U.S. Constitutional Order.

To *continue* to defend the Constitutional Order, it is the **third kick of the mule,** the ensemble comprising items Nos. 10, 11 and 12 that directly led to the case 1:23-cv-01334-CRC resulting in the present USCA Case # 24-5173. *The case 1:23-cv-01334 was filed on May 10, 2023 to prevent the U.S. Solicitor General from filing a response to the U.S. Supreme Court Writ of Certiorari petition No. 23-190.*

11

## The Chutzpah

As already stated, promoting progress of science is an Article 1 U.S. Constitutional Order.

The law:  *Title 28 USC Section 1498(a)* directly originating from this U.S. Constitutional Order, *is a Constitutional Law only applicable for the Defendant USA exclusively in the USCFC, a federal trial court.*

When the U.S. patent is live and active, Title 28 USC Section 2501 can NOT put time restrictions on this Constitution Law: Title 28 USC Section 1498(a).

Pictured existence of the fetus proved existence of the pregnancy, admitted as unauthorized by the U.S. Secretary of Defense in the U.S. District Court under Title 28 USC Section 1338(a) on October 23, 2013 (thus proving the existence of the Constitutional Claim) BEFORE the Claim was filed in the Claims Court (USCFC) on February 24, 2014.

Cognitively challenged, Hon. Pauline Newman, FAILED to obey the Constitutional Order, thus FAILED to defend the Creator, the U.S. Constitution.

This Plaintiff-Appellant has obstructed constitutional justice affecting security of the United States by depriving of constitutionally guaranteed development funds.

And, now this Plaintiff-Appellant is crying for constitutional justice with constitutional claims!  **What constitutional claim?**

12

# CONCLUSION

All **Honorable** derivative Article I, Article II and Article III creatures of the U.S. Constitution are *under oath* to honor, preserve and defend their Creator, the U.S. Constitution. Failure to do so, on September 7, 2018 has eventually landed CAFC Judge Pauline Newman into this hot water!

Cognitive degeneracy exhibited on September 7, 2018 and the follow-up subsequent events have disrupted and continue to disrupt generating funds for further research, design and development works on the vital U.S. Defense related patented U.S. invention for defense against hypersonic ballistic missiles, modernization of U.S. Air Force Satellite Control Networks (AFSCN) etc.

*This Plaintiff-Appellant Hon. Pauline Newman remaining as a CAFC Judge any longer is a clear threat to the security of the United States.*

The Honorable U.S. District Judge, D.C., Christopher Reid Cooper has made the correct judicial decisions but *without exploring and exposing the whole truth.*

To resolve this case by first applying the Constitutional Law [Title 28 USC Section 1498(a)] correctly, three affidavits are needed for which immediate court orders from this Honorable CADC are necessary. Further needed details are as follows:

**(a)** The affidavit from the attorney representing CAFC Judge Newman answering:

(i). Who *precisely* wrote the Opinion and Judgment docketed on 09/07/2018 as

13

item No. 32 in the said CAFC Case No. 18-1674?

(ii). *Precisely on what date and time* this Opinion and Judgment write-up of the said CAFC Case No. 18-1674 was given to CAFC Judge Pauline Newman?

**(b)** The affidavit from the attorney representing the Defendant Appellee CAFC Judicial Council answering:

(i). Who *precisely* wrote the Opinion and Judgment docketed on 09/07/2018 as item No. 32 in the said CAFC Case No. 18-1674?

(ii). *Precisely on what date and time* this Opinion and Judgment write-up of the said CAFC Case No. 18-1674 was given to CAFC Judge Hon. Raymond Tsong-he Chen, a member of the CAFC Judicial Council that suspended Judge Newman?

**(c)** The affidavit from the attorney Richard A. Samp (D.C. Bar # 367194) representing a bunch of *amici curiae*, answering:

Can Title 28 USC Section 2501 impose time restrictions on Title 28 USC Section 1498(a) during the life time of a U.S. Patent when the Patent is live and active?

The U.S. District Court (D.C.) judgment *must* have to be affirmed as soon as possible **AFTER honoring and defending the U.S. Constitution by obeying the said Article 1 Constitutional Order.**

Respectfully submitted

*Probir Kumar Bondyopadhyay*, January 22, 2025

Dr. Probir Kumar Bondyopadhyay, Amicus Curiae                    January 22, 2025

14

## CERTFICATE OF COMPLIANCE

This amicus curiae brief has been typed double-spaced with Times New Roman 14-pt font. The *entire* document has 3,579 words and meets all the necessary requirements under Circuit Rule 29 and Rule 32(a)(7)(C)(i) etc., etc.

This amicus curiae  is Pro Se.

## CERTIFICATE OF SERVICE

As soon as this Honorable Appeals Court grants the Motion of this Amicus Curiae to participate in this case (#24-5173), this Amicus Curiae Brief will be placed in the Docket and all from all sides will get notified. This Amicus Curiae will keep an eye on the Docket through  www.pacer.gov website.

This amicus curiae is separately sending this brief to all parties and all amici curiae of the Plaintiff-Appellant listed in the docket, by E-Mail as a pdf file.

15

APPENDIX

Pictures of the twelve-year (12) old Fetus and
its twenty-one (21) year-long Gestation Period

16

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
DR. PROBIR KUMAR BONDYOPADHYAY v. THE UNITED STATES OF AMERICA

**EXHIBIT-3  INCONTROVERTIBLE EVIDENCE OF MANUFACTURING AND PUBLIC USE OF PLAINTIFF'S INVENTION (U.S. PATENT 6,292,134)**



-15-

**The twelve (12) years old Fetus**



**The twenty-two (22) years GESTATION PERIOD of the Fetus**

17

Court of App
DC Circuit

Reusable Larg

Amicus Curiae Brief

Case 24- 5173

Align bottom of