ORAL ARGUMENT NOT YET SCHEDULED

No. 24-5173

---

# In the United States Court of Appeals for the District of Columbia Circuit

---

HON. PAULINE NEWMAN,

*Plaintiff-Appellant*,

*v.*

HON. KIMBERLY A. MOORE, IN HER OFFICIAL CAPACITIES AS CHIEF JUDGE OF THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, CHAIR OF THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT, AND CHAIR OF THE SPECIAL COMMITTEE OF THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT; HON. SHARON PROST, IN HER OFFICIAL CAPACITY AS MEMBER OF THE SPECIAL COMMITTEE OF THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT; HON. RICHARD G. TARANTO, IN HIS OFFICIAL CAPACITY AS MEMBER OF THE SPECIAL COMMITTEE OF THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT; AND JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT AND ALL MEMBERS THEREOF, IN THEIR OFFICIAL CAPACITIES,

*Defendants-Appellees*.

---

On Appeal from the United States District Court for the District of Columbia, No. 23-cv-01334-CRC; Hon. Christopher R. Cooper, Presiding

---

### APPELLANT'S OPENING BRIEF

### UNDER SEAL

---

December 5, 2024

Gregory Dolin
  *Counsel of Record*
John J. Vecchione
Andrew Morris
Mark Chenoweth
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
(202) 869-5210

*Counsel for Appellant*    Greg.Dolin@ncla.legal

**CERTIFICATE OF PARTIES, RULINGS, AND RELATED CASES PURSUANT TO CIRCUIT RULE 28(a)(1)**

**A. <u>Parties</u>**:

The parties in the district court include the Honorable Pauline Newman, United States Circuit Judge of the United States Court of Appeals for the Federal Circuit, the Honorable Kimberly A. Moore, in her official capacities as Chief Judge of the United States Court of Appeals for the Federal Circuit, Chair of the Judicial Council of the Federal Circuit, and Chair of the Special Committee of the Judicial Council of the Federal Circuit; the Honorable Sharon Prost, in her official capacity as Member of the Special Committee of the Judicial Council of the Federal Circuit; the Honorable Richard G. Taranto, in his official capacity as Member of the Special Committee of the Judicial Council of the Federal Circuit; and the Judicial Council of the Federal Circuit and all Members thereof, in their official capacities.

***Disclosure Statement***:     No Disclosure Statement under Federal Rule of Appellate Procedure 26.1 nor under Circuit Rule

i

26.1 is necessary, as Plaintiff-Appellant is neither a corporation nor similar entity.

**B. Ruling Under Review:**

The parties are before this Court on appeal from the February 12, 2024 and July 9, 2024 Memorandum Opinions and Orders of the district court issued by the Hon. Christopher R. Cooper, ECF 43, 49, and 50 in *Newman v. Moore*, No. 23-cv-01334-CRC.   The February 12, 2024 Opinion is reported at 717 F.Supp.3d 43 (D.D.C. 2024), and is reproduced at Joint Appendix pp. 147-182.  The July 9, 2024 Opinion does not yet appear in the Federal Supplement, but can be found at 2024 WL 3338858 (D.D.C. 2024), and is reproduced at Joint Appendix pp. 209-215.   The District Court's final order dismissing the action is reproduced at Joint Appendix p. 200.

**C. Related Cases:**

There are no related cases pending in this or any other court. The disciplinary proceedings under the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364 remain pending before the Judicial Council of the Federal Circuit and the Committee on

Judicial Conduct and Disability of the Judicial Conference of the United States.

## TABLE OF CONTENTS

CERTIFICATE OF PARTIES, RULINGS, AND RELATED CASES
PURSUANT TO CIRCUIT RULE 28(a)(1) .................................................i

TABLE OF CONTENTS ...................................................................iv

TABLE OF AUTHORITIES.................................................................vii

GLOSSARY ......................................................................................xiv

INTRODUCTION................................................................................1

STATEMENT OF JURISDICTION.........................................................3

STATEMENT OF THE ISSUES..............................................................4

STATEMENT OF THE CASE .................................................................4

    I. THE JUDICIAL CONDUCT AND DISABILITY ACT ....................................4

    II. THE ALLEGATIONS AGAINST AND INVESTIGATION INTO JUDGE
        NEWMAN .....................................................................................7

    III. PROCEEDINGS BELOW ..................................................................16

SUMMARY OF THE ARGUMENT ........................................................19

ARGUMENT ......................................................................................23

    I. SUSPENDING AN ARTICLE III JUDGE FROM ALL JUDICIAL FUNCTIONS
       OF HER OFFICE IS UNCONSTITUTIONAL...........................................23

        A.   The Nature of Judicial Office..............................................23

        B.   Historical and Modern Practice Confirm That
           Administrative Suspensions from Judicial Office Are
           Impermissible...................................................................27

1.  Judge Newman Is Not Exercising Any Judicial
    Functions ........................................................27

2.  Historically, Judges Were Not Divested of the Power
    to Adjudicate Cases Even When Disabled or
    Engaged in Misconduct .................................28

3.  Prior "Suspensions" Merely Memorialized a Judge's
    Own Decision to Temporarily Forgo Powers of His
    Office ..............................................................34

4.  Even Where Prior Suspensions Were Imposed, They
    Never Deprived a Judge from All Functions of the
    Office ..............................................................37

C.  The Court Can Avoid a Constitutional Question by
    Giving the Disability Act a Narrowing Construction..........41

D.  If the Court Is Unable to Construe the Disability Act
    Narrowly, the Court Must Hold It Unconstitutional ..........43

II. TO THE EXTENT THE DISABILITY ACT'S SUSPENSION PROVISION IS
    CONSTITUTIONAL, IT AUTHORIZES ONLY TIME-LIMITED
    SUSPENSIONS THAT HAVE A DEFINITE END DATE ..........................44

III. THIS COURT HAS JURISDICTION TO ENTERTAIN "AS APPLIED"
     CHALLENGES TO THE DISABILITY ACT ...........................................50

A.  Courts Retain Jurisdiction to Ensure That Agencies Do
    Not Transgress the Bounds of Their Statutory Authority..50

B.  *McBryde*, by Its Own Terms, Does Not Bar Judge
    Newman's "As Applied" Challenge .....................................55

C.  *McBryde* Has Been Overtaken by Subsequent Legal
    Developments........................................................................60

CONCLUSION ..................................................................................65

POSITION ON ORAL ARGUMENT .....................................................66

CERTIFICATE OF COMPLIANCE.......................................................67

CERTIFICATE OF SERVICE................................................................68

# TABLE OF AUTHORITIES

## Cases

*Axon Enter., Inc. v. FTC* and *SEC v. Cochran*,
  598 U.S. 175 (2023) ........................................................ 22, 61, 62, 63

*Boos v. Barry*,
  485 U.S. 312 (1988) ................................................................. 43

*BP Am. Prod. Co. v. Burton*,
  549 U.S. 84 (2006) .................................................................. 45

*Califano v. Sanders*,
  430 U.S. 99 (1977) .................................................................. 61

*Cannon v. Univ. of Chicago*,
  441 U.S. 677 (1979) ................................................................. 46

*Carr v. Saul*,
  593 U.S. 83 (2021) .................................................................. 61

*Chandler v. Jud. Council of Tenth Cir. of U.S.*,
  398 U.S. 74 (1970) ....................................................... 33, 34, 38

*Colo. River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ................................................................ 62

*Commc'ns Workers of Am. v. Beck*,
  487 U.S. 735 (1988) ................................................................. 41

*Connecticut v. EPA*,
  656 F.2d 902 (2d Cir. 1981).............................................. 48, 50

*Crowell v. Benson*,
  285 U.S. 22 (1932) .................................................................. 41

*Cuozzo Speed Techs. v. Lee*,
  579 U.S. 261 (2016) ................................................................. 51

*Danos v. Jones*,
  652 F.3d 577 (5th Cir. 2011) .................................................. 36

*Dimmitt v. City of Clearwater*,
  985 F.2d 1565 (11th Cir. 1993) ............................................. 41

*Farkas v. United States*,
    744 F.2d 37 (6th Cir. 1984) ................................................. 51

*FBI v. Fikre*,
    601 U.S. 234 (2024) .......................................................... 62

*First Fed. Sav. & Loan Ass'n of Rochester v. United States*,
    88 Fed. Cl. 572 (2009) ...................................................... 45

*Free Enter. Fund v. PCAOB*,
    561 U.S. 477 (2010) .......................................................... 62

*FTC v. Bunte Brothers, Inc.*,
    312 U.S. 349 (1941) .......................................................... 41

*Griffith v. FLRA*,
    842 F.2d 487 (D.C. Cir. 1988) ............................................ 54

*Harmon v. Brucker*,
    355 U.S. 579 (1958) .......................................................... 43

*Lamie v. U.S. Tr.*,
    540 U.S. 526 (2004) .......................................................... 47

*Leedom v. Kyne*,
    358 U.S. 184 (1958) .......................................................... 54

*Lucia v. SEC*,
    585 U.S. 237 (2018) ..................................................... 25, 27

*Manchester Env't Coal. v. EPA*,
    612 F.2d 56 (2d Cir. 1979) ................................................ 48

*Marbury v. Madison*,
    5 U.S. 137 (1803) ............................................................. 26

*McBryde v. Comm. to Rev. Cir. Council Conduct & Disability Ords.*
*of Jud. Conf. of U.S.*,
    264 F.3d 52 (D.C. Cir. 2001) ........... 18, 21, 22, 40, 44, 55, 56, 58, 64, 65

*Mistretta v. United States*,
    488 U.S. 361 (1989) .......................................................... 27

*Newman v. Moore*,
    __ F.Supp.3d__ 2024 WL 3338858 (D.D.C. July 9, 2024) .................... 19

*Newman v. Moore,*
    717 F.Supp.3d 43 (D.D.C. 2024) .................................................. 18, 50

*Prasad v. Holder,*
    776 F.3d 222 (4th Cir. 2015) ............................................................ 45

*Rudisill v. McDonough,*
    55 F.4th 879 (Fed. Cir. 2022) ............................................................ 8

*Rudisill v. McDonough,*
    601 U.S. 294 (2024) ............................................................................ 8

*SAS Inst. v. Iancu,*
    584 U.S. 357 (2018) .......................................................... 22, 51, 52, 53

*Scanwell Lab'ys, Inc. v. Shaffer,*
    424 F.2d 859 (D.C. Cir. 1970) .......................................................... 51

*Sebelius v. Cloer,*
    569 U.S. 369 (2013) .......................................................................... 45

*South Carolina v. Katzenbach,*
    383 U.S. 301 (1966) .......................................................................... 54

*United States v. Germaine,*
    99 U.S. 508 (1878) ............................................................................ 25

*United States v. Hartwell,*
    73 U.S. 385 (1867) ............................................................................ 25

*United States v. Maurice,*
    26 F. Cas. 1211 (C.C.D. Va. 1823) .................................................. 25

*United States v. McHugh,*
    583 F.Supp.3d 1 (D.D.C. 2022) ........................................................ 46

*United States v. Salerno,*
    481 U.S. 739 (1987) .......................................................................... 44

*United States v. United Steelworkers of Am.,*
    271 F.2d 676 (3d Cir. 1959) .............................................................. 24

*United States v. United Steelworkers of Am.,*
    361 U.S. 39 (1959) ............................................................................ 24

*Wallace v. Christensen,*
    802 F.2d 1539 (9th Cir. 1986) .......................................................... 51

ix

*Weddel v. HHS*,
   23 F.3d 388 (Fed. Cir. 1994)................................................48

*Weinberger v. Salfi*,
   422 U.S. 749 (1975) ................................................58, 60

*West Virginia v. EPA*,
   597 U.S. 697 (2022) ................................................41

## Constitutional Provisions

U.S. Const. amend. XIV ................................................54

U.S. Const. art. II, § 4 ................................................30

U.S. Const. art. III, § 1 ................................................23

## Statutes

21st Century Department of Justice Appropriations Authorization
   Act,
   Pub. L. No. 107-273, 116 Stat. 1758 (Nov. 2, 2002)............................60

28 U.S.C. § 132 ................................................26

28 U.S.C. § 353 ................................................6

28 U.S.C. § 354 ................................6, 11, 17, 19, 42, 44, 46, 48, 49, 53

28 U.S.C. § 355 ................................................48

28 U.S.C. § 357 ................................................7, 53

28 U.S.C. § 371 ................................................2

28 U.S.C. § 372 ................................................49

28 U.S.C. § 46 ................................................27

35 U.S.C. § 314 ................................................52

5 U.S.C. § 706 ................................................51, 52, 55

Judicial Conduct and Disability Act,
   Pub. L. 96-458, 94 Stat. 2035 (Oct. 15, 1980) ................................4

Judiciary Act of 1801,
   2 Stat. 89 (Feb. 13, 1801) ................................................29

Judiciary Act of 1802,
   2 Stat. 156 (April 29, 1802) ................................................29

## Rules

Fed. R. App. P. 4 ..................................................................... 19

Rules for Judicial-Conduct and Judicial-Disability Proceedings
Rule 11 ........................................................................... 5

Rules for Judicial-Conduct and Judicial-Disability Proceedings
Rule 13 ........................................................................... 5

Rules for Judicial-Conduct and Judicial-Disability Proceedings
Rule 13 cmt. ..................................................................... 6

Rules for Judicial-Conduct and Judicial-Disability Proceedings
Rule 17 ........................................................................... 6

Rules for Judicial-Conduct and Judicial-Disability Proceedings
Rule 20 ........................................................................ 6, 11

Rules for Judicial-Conduct and Judicial-Disability Proceedings
Rule 26 ....................................................................... 7, 59

Rules for Judicial-Conduct and Judicial-Disability Proceedings
Rule 26 cmt. ..................................................................... 7

Rules for Judicial-Conduct and Judicial-Disability Proceedings
Rule 5 ............................................................................ 5

## Other Authorities

Andrew Michaels,
*Judge Newman's Recent Dissents Show She Is Fit For Service*,
Law360.com (June 6, 2023) ..................................................... 9

Black's Law Dictionary (8th ed. 2004) ............................... 45, 46

Expert Report of Aaron G. Filler, MD, PhD, JD ................... 2, 15

History of the New Hampshire Federal Courts ......................... 29

House Practice: A Guide to the Rules, Precedents and Procedures of
the House .................................................................... 45

Implementation of the Judicial Conduct and Disability Act of 1980,
Report to the Chief Justice of the Judicial Conduct and Disability
Act Study Committee,
239 F.R.D. 116 (Sept. 2006) ........................................... 31, 37

*In re Complaint of Judicial Misconduct Against United States*
  *District Judge G. Thomas Porteous, Jr.*,
  No. 07-05-351-0085 (5th Cir. Judicial Council Dec. 20, 2007) ............ 35

*In re Complaint of Judicial Misconduct Against United States*
  *District Judge G. Thomas Porteous, Jr.*,
  No. 07-05-351-0085 (5th Cir. Judicial Council Sept. 10, 2008) ........... 36

*In re Complaint of Judicial Misconduct Against United States*
  *District Judge Samuel B. Kent*,
  No. 07-05-351-0086 (5th Cir. Judicial Council Sept. 28, 2007) ........... 37

*In re Complaint of Judicial Misconduct Against United States*
  *District Judge Walter S. Smith, Jr.*,
  No. 05-14-90120 (5th Cir. Judicial Council Dec. 3, 2015) ............. 38, 39

*In re Complaint of Judicial Misconduct*,
  No. 12-90026 and 12-90032 (9th Cir. Judicial Council Mar. 15,
  2013) ...................................................... 40

*In re Complaint of Judicial Misconduct*, C.C.D. 09-01 (Jud. Conf.
  Oct. 26, 2009) ............................................... 7

*In re Complaint of Judicial Misconduct*, C.C.D. 23-01 (Jud. Conf.
  Feb. 7, 2024) .............................................. 7, 14

*In re Complaints Against District Judge Colin S. Bruce*,
  Nos. 07-18-90053, 07-18-90067 (7th Cir. Judicial Council May 14,
  2019) ...................................................... 39

*In re: Complaints of Judicial Misconduct or Disability*,
  No. 98-372-001 (U.S. Jud. Conf. Sept. 18, 1998) .......................... 64, 65

Joseph Story,
  2 Commentaries on the Constitution of the United States (Hilliard,
  Gray 1833) (Fred B. Rothman & Co reprint ed. 1991) ........................ 30

Kimberly Moore,
  *Anniversaries and Observations*, 50 AIPLA Q. J. 521 (2022) .............. 8

Lee R. West,
  *Biographical Sketch for the Historical Society of the Tenth Circuit*
  *on Judge Stephen S. Chandler, Jr* ........................................ 33

Nat'l Comm'n on Judicial Discipline and Removal, Report,
152 F.R.D. 265 (1993)............................................................24

*Officers of the United States Within the Meaning of the Appointments Clause,*
31 Op. O.L.C. 73 (2007)........................................................26

Ron D. Katznelson, Ph.D.,
*Is There a Campaign to Silence Dissent at the Federal Circuit?*...........8

S. Rep. 88-1017 (1964)..........................................................30

The Federalist No. 79 (Alexander Hamilton) (Cooke ed., 1961)............30

U.S. House of Rep.,
Comm. on Judiciary, *Report on Investigation of Judicial Behavior in the Tenth Circuit United States Court of Appeals* (1968)..............32

United States Court of Appeals for the Federal Circuit,
Judicial Council...............................................................4, 5

Walter F. Pratt,
*Judicial Disability and the Good Behavior Clause*, 85 Yale. L.J.
706 (1976) ......................................................................4

William Baude,
*The Judgment Power*, 96 Geo. L.J. 1807 (2008) ...................26

# GLOSSARY

| | |
|---|---|
| The Act or Disability Act: | Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364, Pub. L. 96-458, 94 Stat. 2036 (96th Cong. 1980) |
| JA___: | Joint Appendix (page number[s]) |
| JC&D: | Judicial Conduct and Disability Committee of the Judicial Conference |
| R.___: | Rules for Judicial-Conduct and Judicial-Disability Proceedings (rule number[s]) |
| SA___: | Supplemental Appendix (page number[s]) |

## INTRODUCTION

For over six decades, the Hon. Pauline Newman has been an intellectual leader in American intellectual property law and industrial policy. In the 1960s, she worked for the United Nations Educational, Scientific and Cultural Organization as a science policy specialist in the Department of Natural Resources. She served on the State Department Advisory Committee on International Intellectual Property from 1974 to 1984 and on the advisory committee to the Domestic Policy Review of Industrial Innovation from 1978 to 1979. From 1982 to 1984, she was Special Adviser to the United States Delegation to the Diplomatic Conference on the Revision of the Paris Convention for the Protection of Industrial Property. She was one of the main advocates for the creation of a unified court for patent law issues—advocacy that resulted in the creation of the United States Court of Appeals for the Federal Circuit on which she now sits. In 1984, President Ronald Reagan, with the unanimous advice and consent of the United States Senate, appointed Judge Newman to that newly created court. Judge Newman was the first judge appointed directly to the Federal Circuit. She has continued to honorably serve in her position as a Circuit Judge ever since. She has

published over 2,000 majority, concurring, and dissenting opinions.  Her dissents have been routinely vindicated by the United States Supreme Court, including as recently as this year.  Judge Newman has received wide recognition and numerous awards for her myriad contributions to the law.

Though advanced in age, Judge Newman retains her sharp intellect, and both lay and expert witnesses have described her as an "unusually cognitively intact … woman" whose cognitive and physical abilities make her appear "20 or more years younger than her stated age." Expert Report of Aaron G. Filler, MD, PhD, JD at 28, https://tinyurl.com/5eczych9.  Her written opinions and oral presentations show no signs of deterioration.  Because she has chosen not to retire or take senior status, *see* 28 U.S.C. § 371, she continues to hold office as a duly confirmed United States Circuit Judge in active service.

Despite her constitutional status, Defendants-Appellees, relying on the Judicial Conduct and Disability Act ("the Disability Act" or "the Act"), for the last year-and-a-half, have precluded Judge Newman from exercising *any* functions of her office, including hearing cases, writing opinions, ruling on motions, voting on petitions to hear cases *en banc*, and

2

the like. Though she draws a salary, Judge Newman has been prevented from acting as a judge. Defendants-Appellees admit that under their issued orders, Judge Newman may never again be permitted to hear any cases, *see* ECF 36 at 3-4, yet, at no point have Defendants-Appellees suggested that Judge Newman be impeached. Nevertheless, Judge Newman has been functionally removed from office. Removal without impeachment is wholly inconsistent with the Framers' carefully calibrated system of checks and balances. If the Disability Act authorizes such an outcome, it is unconstitutional.

## STATEMENT OF JURISDICTION

The District Court exercised jurisdiction in this matter pursuant to 28 U.S.C. § 1331. It issued a final order dismissing the case on July 9, 2024. JA200. Judge Newman filed a timely Notice of Appeal on July 10, 2024. JA216. *See* Fed. R. Civ. P. 4(a)(1)(B).

Because the decision of the District Court is a "final decision" within the meaning of 28 U.S.C. § 1291, this Court has jurisdiction over the appeal.

## STATEMENT OF THE ISSUES

1.    Is an Act that authorizes suspensions of a duly confirmed Article III judge from all judicial duties unconstitutional?

2.    Do recurrent suspensions violate the Disability Act's (to the extent that it is constitutional) strictures that any suspension must be for "temporary basis [and] time certain"?

3.    Do federal courts have jurisdiction over "as applied" constitutional challenges to the Disability Act?

## STATEMENT OF THE CASE

### I.    THE JUDICIAL CONDUCT AND DISABILITY ACT

In 1980, following years of debate, *see generally* Walter F. Pratt, *Judicial Disability and the Good Behavior Clause*, 85 Yale. L.J. 706, 706-07 (1976), Congress enacted the Disability Act.  Pub. L. 96-458, 94 Stat. 2035, 2036-41 (Oct 15, 1980), *codified in* 28 U.S.C. §§ 351-364.  The Act authorizes the Judicial Council of the relevant circuit [1] to conduct investigations into alleged misconduct or disability of circuit and district

---

[1] Unlike other judicial councils, the Judicial Council for the Federal Circuitis composed of only the active judges of the Federal Circuit. *See* United States Court of Appeals for the Federal Circuit, Judicial Council, https://perma.cc/2AF4-LG8R.

4

judges within that circuit's jurisdiction.  *See* 28 U.S.C. §§ 353, 354, 356, 363.  The Judicial Conference of the United States promulgated Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Conduct Rules") which govern the processing of disciplinary and disability complaints against federal judges.[2]

Under the Conduct Rules, the chief judge can "identify a complaint" whenever "a chief judge has information constituting reasonable grounds for inquiry into whether a covered judge has engaged in misconduct or has a disability … even if no related complaint has been filed."  R. 5.  If the chief judge does so, she must conduct a review and either dismiss the complaint or refer it to a "special committee" of the Judicial Council.  R. 11(a).  Such a committee is charged with "determin[ing] the appropriate extent and methods of its investigation in light of the allegations in the complaint and the committee's preliminary inquiry," R. 13(a), including by "request[ing] the judge to undergo a medical or psychological

---

[2] The rules can be found on the United States Courts' website.  *See* https://tinyurl.com/4x4xpnxt.

examination," and "review[ing] existing records, including medical records." R. 13(a), cmt.

Once the special committee concludes its investigation, it "must file with the judicial council a comprehensive report of its investigation, including findings and recommendations for council action." R. 17; *see also* 28 U.S.C. § 353(c). Following the subject judge's response, the Judicial Council may "take remedial action." R. 20(b)(1)(D). One such "remedial action" that the Disability Act and the Conduct Rules purport to authorize is an issuance of an "order[] that no new cases be assigned to the subject judge for a limited, fixed period." R. 20(b)(1)(D)(ii). *See also* 28 U.S.C. § 354(a)(2)(A)(i).

Any decision by the Judicial Council is appealable to the Committee on Judicial Conduct and Disability and potentially, the Judicial Conference of the United States. R. 20. Finally, in order to deal with situations "where there are multiple disqualifications among the original judicial council, [or] where the issues are highly visible and a local disposition may weaken public confidence in the process," the Conduct Rules authorize the "chief judge or [the] judicial council [to] ask the Chief

Justice to transfer a proceeding based on a complaint identified under Rule 5 … to the judicial council of another circuit." R. 26 and cmt.

Although conducted by federal judges, such proceedings "are administrative, and not judicial, in nature." *In re Complaint of Judicial Misconduct*, C.C.D. 23-01, at 16 (Jud. Conf. Feb. 7, 2024) (quoting *In re Complaint of Judicial Misconduct*, C.C.D. 09-01, at 20-21 (Jud. Conf. Oct. 26, 2009)). The Disability Act also limits judicial review of the orders issued pursuant to the Act. *See* 28 U.S.C. § 357(c).

## II. THE ALLEGATIONS AGAINST AND INVESTIGATION INTO JUDGE NEWMAN

As noted, Pauline Newman, is Judge of the Federal Circuit. At all relevant times, Judge Newman has been and is in sound physical and mental health, has been willing and able to fully participate in the work of the Court, and, consistent with the Court's internal practice and procedures for active-status judges, has requested to be assigned to the regular panel sittings of the Court. She has authored majority and dissenting opinions in the whole range of cases before her Court, has voted on petitions for rehearing *en banc*, and has joined in the *en banc* decisions of the Court. She is noted for her frequent, incisive dissents

7

and has been referred to as the Federal Circuit's Great Dissenter.  As Chief Judge Kimberly A. Moore herself noted, "[a]mong patent practitioners, Judge Newman is particularly well-known for her insightful dissents, which have often been vindicated by the Supreme Court."  On more than one occasion the Supreme Court "adopt[ed] essentially the reasoning of Judge Newman's dissent."  Kimberly Moore, *Anniversaries and Observations*, 50 AIPLA Q. J. 521, 524-25 (2022).  *See also Rudisill v. McDonough*, 601 U.S. 294 (2024), *reversing* 55 F.4th 879 (Fed. Cir. 2022) (*en banc*) (adopting Judge Newman's view of the law).

In part because Judge Newman frequently writes separate opinions, and in part because she takes extraordinary pains to ensure that her opinions fully reflect her views and remain consistent from case to case and year to year, Judge Newman is and has been well-known for being "slow" to issue her decisions.[3]   But Judge Newman's decisions

---

[3] Independent analysis of the data from the Federal Circuit strongly suggests that Judge Newman's speed of opinion production is fully in line with that of her colleagues.  *See* Ron D. Katznelson, Ph.D., *Is There a Campaign to Silence Dissent at the Federal Circuit?* at 18, *available at* https://ssrn.com/abstract=4489143.  Nor does the quantity of opinions Judge Newman produces deviate from that of her colleagues.  *Id.*

have never been criticized for being poorly argued or written, and indeed, have been universally praised for their clarity and insight.

Judge Newman continued to write opinions through 2023.  These recent opinions were praised by various members of the bar, and nothing therein suggests any mental disability.  Andrew Michaels, *Judge Newman's Recent Dissents Show She Is Fit For Service*, Law360.com (June 6, 2023).

On March 24, 2023, Kimberly Moore, the Chief Judge of the Federal Circuit, "identified a complaint" against Judge Newman alleging that "there is probable cause to believe that Judge Newman's health has left her without the capacity to perform the work of an active judge," and issued an order launching an investigation into Judge Newman.  Chief Judge Moore relied on several unfounded predicates.  First, Judge Moore alleged (without providing any basis or source for this allegation) that "in the summer of 2021, Judge Newman, at the age of 94, was hospitalized after suffering a heart attack and having to undergo coronary stent surgery," and that (again without providing any evidence or source for the allegation) "on May 3, 2022, Judge Newman fainted following an argument and was unable to walk without assistance."  March 24, 2023

9