## New Civil Liberties Alliance

August 4, 2025

Mr. Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave. NW
Washington, DC 20001

VIA CM/ECF

*Re: Newman v. Moore*, No. 24-5173; Rule 28(j) Letter

Dear Mr. Cislak:

This letter responds to Appellees' Rule 28(j) letter of July 28, 2025.

The recent decision by the Appellees demonstrates that Judge Newman has suffered a permanent suspension—in the teeth of three professional opinions that she is competent to perform her duties—with no contrary opinions by any qualified professional. Appellees' most recent "Recommendation" to renew her suspension for a third year makes clear (contrary to Appellees' prior representations to this Court) that the suspension will continue "[u]ntil Judge Newman cooperates" by submitting to medical examinations "before neutral providers chosen by the Committee." Rep. at 88. Nothing in the report remotely suggests that the sanction pursued by Appellees is on "a temporary basis for a time certain." 28 U.S.C. § 354 (a)(2)(A)(i).

Second, during oral argument, Judge Taranto posited that if the Council were to conclude that Judge Newman is disabled, it would be empowered to suspend Judge Newman *permanently* under the authority

of 28 U.S.C. § 332(d)(1) which permits each judicial council to "make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit." *See* Tr. at 16:22-19:13, https://tinyurl.com/2asktfbw. This suggestion gives away the game—Appellees seek to remove Judge Newman from judicial duties without bothering with the constitutionally prescribed mechanism for doing so.

Third, it should be pointed out that the Committee's 95-page report and recommendation was issued a mere two working days after the oral hearing on this matter. This timing strongly suggests that contrary to their representations to this Court that Judge Newman is being afforded due process through ability to file briefs and present oral argument, the "process" afforded to Judge Newman by Appellees is little more than a dog-and-pony show.

Finally, Appellees continue to refuse to transfer this matter to a neutral circuit, despite their own expert witnesses opining that a proper neuropsychological evaluation—the very evaluation Appellees wish Judge Newman to undergo—would include collecting "collateral source" information from Judge Newman's coworkers, thus necessarily making Appellees into witnesses.

Appellees' recent actions provide further arguments in support of reversing the judgment below.

Respectfully submitted,

/s/ *Gregory Dolin*

Senior Litigation Counsel
NEW CIVIL LIBERTIES ALLIANCE

# **CERTIFICATE OF COMPLIANCE**

This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 344 words. The letter also complies with the typeface and type-style requirements of the Federal Rules of Appellate Procedure because it was prepared using Microsoft Word in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/Gregory Dolin*
Gregory Dolin

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing all registered users associated with this case.

*/s/Gregory Dolin*
Gregory Dolin
