[ORAL ARGUMENT HELD APRIL 24, 2025]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| HON. PAULINE NEWMAN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> HON. KIMBERLY A. MOORE, *in her official capacities as Chief Judge of the U.S. Court of Appeals for the Federal Circuit, Chair of the Judicial Council of the Federal Circuit, and Chair of the Special Committee of the Judicial Council of the Federal Circuit, et al.*, <br><br> Defendants-Appellees. | No. 24-5173 |

## MOTION FOR A STAY OF REHEARING RESPONSE DEADLINE IN LIGHT OF LAPSE OF APPROPRIATIONS

Undersigned counsel hereby respectfully requests that this Court stay Defendants-Appellees' deadline to respond to the petition for rehearing en banc in the above-captioned case.

1. Pursuant to the Clerk's order of September 24, 2025, Defendants-Appellees are required to respond to Plaintiff-Appellant's petition for rehearing en banc by October 9, 2025.

2. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The Department does not know when funding will be restored by Congress.

3. Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

4. Undersigned counsel for the Department of Justice therefore respectfully requests a stay of the response deadline until Congress has restored appropriations to the Department of Justice. Undersigned counsel further respectfully requests that, when appropriations are restored, the response deadline be extended for the number of days commensurate with the duration of the lapse in appropriations, plus an additional seven days. Thus, for example, if the lapse lasts five days, the deadline would be extended by 12 days (five days + seven days). This additional time following the end of the lapse will be needed to restart regular government operations and finalize the response for filing.

5. In addition, granting an extension calculated in the manner proposed above will avoid having all filings that would otherwise have been due during the period of a lapse of appropriations from having the same due date following the restoration of appropriations, which would not be practicable for the government or the Court. It also preserves the original chronological order of filing in government cases for fairness to all parties.

## CONCLUSION

Although we greatly regret any disruption caused to the Court and the other litigants, undersigned counsel hereby moves for a stay of the response deadline in this case, as described above, until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

Respectfully submitted,

MARK R. FREEMAN
MELISSA N. PATTERSON

/s/ *Maxwell A. Baldi*
MAXWELL A. BALDI
  Attorneys, Appellate Staff
  Civil Division, Room 7513
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C. 20530
  (202) 532-0211
  maxwell.baldi@usdoj.gov

October 2025

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 352 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Century Expanded BT 14-point font, a proportionally spaced typeface.

                                                         */s/ Maxwell A. Baldi*  
                                                        MAXWELL A. BALDI