ORAL ARGUMENT HELD APRIL 24, 2025

**IN THE UNITED STATES CIRCUIT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE HON. PAULINE NEWMAN,
Circuit Judge
United States Court of Appeals for the Federal Circuit,
*Appellant*,

v.

THE HON. KIMBERLY A. MOORE,
in her official capacities as
Chief Judge of the U.S. Court of Appeals for the Federal Circuit,
Chair of the Judicial Council of the Federal Circuit, and
Chair of the Special Committee of the Judicial Council of the Federal Circuit,

THE HON. SHARON PROST,
in her official capacity as
Member of the Special Committee of the Judicial Council of the Federal Circuit,

THE HON. RICHARD G. TARANTO,
in his official capacity as
Member of the Special Committee of the Judicial Council of the Federal Circuit,

and

THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT,
AND ALL MEMBERS THEREOF,

*Appellees*.

NO. 24-5173

**OPPOSITION TO MOTION FOR A STAY OF REHEARING RESPONSE DEADLINE IN LIGHT OF LAPSED APPROPRIATIONS**

Judge Pauline Newman has been unconstitutionally and unlawfully removed from all judicial duties of every kind. And now Defendants-Appellees Honorable Kimberly A. Moore and the other members of the Federal Circuit Judicial Council (collectively, "Judicial Council"), asks for an indefinite stay because of a "Government Shutdown." They make this request because of the "Government Shutdown['s]" effect on the Department of Justice, which for unknown reasons represents the Judicial Council and its Members. *See* Mot. The Judicial Council seeks this stay even though the Government Shutdown does not affect the Federal Circuit or its Judicial Council.

This motion should be denied and the Appellees required to respond timely for the following reasons:

1. The Appellees failed to comply with the most elementary rules of this, virtually every other Federal Court, and basic courtesy and seek consent for this motion from opposing counsel. D.C. Cir. R. 27(g)(2). That rule requires that any motion for an extension of time to file a brief must seek opposing counsel's views. It requires at minimum, "The opening paragraph of any such motion must recite the position taken by the opposing party in response to these inquiries, or the efforts to obtain a response." *Id.* That was not done. *See* Mot. 1. Undersigned counsel represents many clients against the Justice Department and has been asked his view in other cases but not this one. Be that as it may, the Rule was not complied with, and the motion should be denied.

2. The precedent in this Court is that stays of this sort need not be granted because the Justice Department has contingency plans for cases where stays have been denied. *Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (denying a stay for oral argument because of lapse of appropriations). The concurrence in that case cites nearly a score of cases where stays were denied in various government shutdowns. *Id.* at 638-39 (Srinivasan, J., concurring). As stated, undersigned counsel has granted requests of the Government for consent when asked in other cases, but this is an unusual circumstance and a stay is not warranted.

3. It is also completely unknown why the Judicial Council and its members in their official capacities are even represented by the Justice Department or what the legal basis for such representation is. They are not an Executive Branch agency. There is zero reason why the Justice Department has to be involved in filing the response, particularly if its involvement causes delay. In the very case Petitioners ask the Court to review in *en banc* review, the Circuit Council was represented by Robert B. Fiske, Jr. *McBryde v. Comm. to Rev. Cir. Council Conduct & Disability Ords. of the Jud. Conf. of the U.S.*, 264 F.3d 52, 54 (D.C. Cir. 2001) ("Attorneys and Law Firms" section). It's still listed on that noted lawyer's resume. *Robert B. Fiske, Jr.*, DAVIS POLK, Fiske resume (last visited Oct. 2, 2025). Whatever the basis of the Justice Department representation, it is, as *McBryde* demonstrates, completely the Appellees'

decision, and they should be able to achieve further delay in this case because they chose to be represented by attorneys from the Executive Branch. Judge Newman should not suffer for the Appellees' choice of counsel.

4. Every day Judge Newman is kept from any duty of her lifetime appointment is an irreparable harm. She has been kept from her duties for two years with a new suspension for a third issued. She is 98 years old and the revealed intention of the Appellees to keep her off the bench forever and to subject her to every indignity in their power was put in stark relief just days ago when she received the email attached as Exhibit 1 to this opposition. Judge Newman's clerk sent an email for reimbursement of phone/email bills on March 12, 2025. Six months later the request was denied as she no longer had judicial duties. The Circuit Executive and clerk of the Court, Jarrett B. Perlow, who reports to Chief Judge Moore wrote:

   > Please note, though, that neither I nor court staff will certify any future requests by Judge Newman for reimbursement under AP #9 until her suspension is either lifted or reversed.

   Exh. 1.

5. If the Judicial Council files a Reply in support its Motion for a Stay, the fact that it was able to file a Reply will evidence that no stay is warranted.

6. This Court should deny the motion to stay and hold this case in abeyance for who knows how long. The Appellees failed to comply with this Court's rules. The precedent in this Circuit supports denying such stays. The Appellees

chose their attorneys; Judge Newman did not. The continuing harm to Judge Newman is not only manifest, but just days ago, the Appellees confirmed they had stripped her of all judicial duties and were not going to treat her like a Judge of the Federal Circuit while their misjudgment in that course is upheld. Exh. 1.

Respectfully submitted,

/s/*John J. Vecchione*
John J. Vecchione
Andrew J. Morris
Senior Litigation Counsel

NEW CIVIL LIBERTIES ALLIANCE
4250 N.FAIRFAX Dr., Suite 300
Arlington, Va. 22203
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
john.vecchione@ncla.legal

*Counsel for Plaintiff-Appellant*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of the Federal Rule of Appellate *Procedure* 40(d)(3)(A) because it contains 832 words. It also complies with the typeface and type-style requirements of the Federal Rule of Appellate Procedure because it was prepared using Microsoft Word in Century Schoolbook 14-point font, a proportionally spaced typeface.

/s/ *John J. Vecchione*

John J. Vecchione

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing all registered users associated with this case.

/s/ John J. Vecchione
John J. Vecchione
NEW CIVIL LIBERTIES ALLIANCE
4250 N.FAIRFAX Dr., Suite 300
Arlington, Va. 22203
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
john.vecchione@ncla.legal

*Counsel for Appellant*