# New Civil Liberties Alliance

December 18, 2025

VIA CM/ECF

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave. NW
Washington, DC 20001

   *Re: Newman v. Moore*, No. 24-5173; Rule 28(j) Letter

Dear Mr. Cislak:

  Pursuant to Federal Rule of Appellate Procedure 28(j), I write to submit a recently issued order that reinforces the normative practice of transferring complaints against circuit court judges.

  In February of this year, the Chief Justice transferred a complaint filed against a circuit judge under the Judicial Conduct and Disability Act of 1980. *See In re Charge of Judicial Misconduct*, No. 24-90168-jm (Oct. 6, 2025) ("Order"), at 1. The subject judge was Fourth Circuit Judge Andrew Wynn. *See* letter from the Honorable James Andrew Wynn to President Joseph R. Biden, Jr. (Dec. 13, 2024), http://tiny.cc/n39w001.

  The Chief Justice transferred the complaint to the Judicial Council for the Second Circuit. *See* Order. This transfer was made at the outset of this matter even though "there [was] no genuine issue of fact or circumstance that need[ed] to be resolved," Order at 12, and no indication any Fourth Circuit judge had personal knowledge that could create a

conflict. On October 6, 2025, the Chief Judge of the U.S. Court of Appeals for the Second Circuit dismissed the complaint. *Id.*

This transfer is the most recent example of the well-established practice under which chief judges transfer complaints involving circuit judges. The transfer further supports Judge Newman's argument that Appellees' refusal to transfer her case is unprecedented and has denied her due process of law.[1] Judge Newman's argument is especially strong because—unlike in the matter cited above—in her case at least half the judges in the relevant circuit have personal and unique knowledge of facts underlying the complaint.

Respectfully submitted,
/s/ *John J. Vecchione*
Senior Litigation Counsel
NEW CIVIL LIBERTIES ALLIANCE

cc: All counsel of record (by CM/ECF)

---

[1] *See* Opening Br. at 10–11, 59, 63; Reply Br. at 5, 32; s*ee also Amici* Br. of Hon. Janice Rogers Brown, *et al.* at 4 n.3; *Amicus* Br. of Bar Ass'n of the District of Columbia at 3; *Amicus* Br. of Manhattan Institute, *et al.* at 3–5, 11–17.